# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00615-CV

**Jaime Cortez, Appellant**

**v.**

**Mann Bracken, LLP; and Travelers Casualty and Surety Company of America, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY, NO. C-1-CV-09-001395, HONORABLE J. DAVID PHILLIPS , JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jaime Cortez appeals pro se from the trial court's judgment awarding attorney's fees to appellees Mann Bracken, LLP, and Travelers Casualty and Surety Company of America following Cortez's nonsuit of his claims against them under state and federal consumer protection laws and from the trial court's post-judgment turnover order. In three issues, Cortez contends that the trial court erred in (i) granting Mann Bracken's and Travelers' motion for attorney's fees, (ii) granting Mann Bracken's and Travelers' application for turnover and appointing a master in chancery, and (iii) denying Cortez's motion for sanctions. For the reasons that follow, we dismiss Cortez's challenge to the appointment of a master in chancery for lack of jurisdiction. The trial court's judgment and turnover order are in all other respects affirmed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Mann Bracken was a law firm engaged in the practice of providing debt collection services to clients. Travelers is an insurer that provided Mann Bracken the surety bond required of third-party debt collectors under the Texas Debt Collection Act. *See* Tex. Fin. Code Ann. § 392.101 (West 2006). Following debt collection efforts by Mann Bracken against Cortez, Cortez filed suit against Mann Bracken and Travelers asserting claims under state and federal consumer protection laws, including the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA). *See generally* 15 U.S.C. §§1692–1692p (West 2009), 1681-1681x (West 2009 & Supp. 2010). Mann Bracken's and Travelers' first amended answer included a claim for attorney's fees pursuant to the FDCPA and FCRA on the ground that Cortez had brought the suit in bad faith and for the purpose of harassment. *See id.* §§ 1692k(a)(3), 1681n(c), 1681o(b) (West 2009).

Mann Bracken and Travelers brought a no-evidence motion for summary judgment and set it for hearing. Prior to the hearing, Cortez filed a nonsuit and obtained an order dismissing the suit without prejudice. *See* Tex. R. Civ. P. 162. Mann Bracken subsequently filed a motion for attorney's fees based on their claim that Cortez had brought suit under the FDCPA and FCRA in bad faith and for the purpose of harassment. *See* 15 U.S.C. §§ 1692k(a)(3), 1681n(c), 1681o(b). Cortez filed a reply, which included a motion for sanctions pursuant to section 10.002 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. Rem. Code Ann. § 10.002 (West 2002). Following a hearing, which Mann Bracken and Travelers attended in person, through counsel, and Cortez attended pro se by telephone, the trial court issued an order, which included findings that Cortez had engaged in a pattern of frivolous filings and had brought his claims in bad faith and for

2

the purpose of harassment. The order granted Mann Bracken's and Travelers' request for attorney's fees and denied Cortez's motion for sanctions. The trial court subsequently rendered judgment awarding attorney's fees to Mann Bracken and Travelers in the amount of $33,970, including amounts for appeal to this Court and to the supreme court, with remittiturs in the event appellate fees were not incurred.

After Cortez's motion to modify the judgment was overruled by operation of law, he filed a notice of appeal on September 23, 2009. On October 9, 2009, Mann Bracken and Travelers filed an application for turnover and appointment of receiver pursuant to section 31.002 of the Texas Civil Practice and Remedies Code, *see id.* §§ 31.002(b)(1), (3) (West 2008), further requesting that the receiver be appointed master in chancery pursuant to Texas Rule of Civil Procedure 171. *See* Tex. R. Civ. P. 171. The record does not contain an order on these requests, but the docket sheet reflects that on October 30, 2009, the trial court denied Cortez's motion for continuance, held a hearing which Cortez did not attend, and granted Mann Bracken's and Travelers' application for turnover and motion for appointment of receiver. Cortez asserts that the trial court appointed a master in chancery as requested by Mann Bracken and Travelers.

## DISCUSSION

**Standard of Review**

In his first issue presented, Cortez complains that the trial court erred in awarding attorney's fees to Mann Bracken and Travelers under the FDCPA and FCRA because they had no claim for affirmative relief pending at the time of his nonsuit, there was no determination on the merits, and they were not "prevailing parties." He also argues that there was legally and factually

3

insufficient evidence to support the trial court's finding that he brought his claims in bad faith and for the purpose of harassment. We review an award of attorney's fees for abuse of discretion. *Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004). The test for abuse of discretion is whether the trial court's ruling is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000) (per curiam).

This issue also concerns interpretation of the rules of civil procedure and statutory construction, matters which we review de novo. *In re Christus Spohn Hosp. Kelberg*, 222 S.W.3d 434, 437 (Tex. 2007); *Texas Mun. Power Agency v. Public Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007). Of primary concern is the express language of the rule or statute. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009); *In re Christus Spohn Hosp. Kelberg*, 222 S.W.3d at 437. We apply the plain or literal meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results. *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010); *In re Christus Spohn Hosp. Kelberg*, 222 S.W.3d at 437.

We review a trial court's findings of fact for legal and factual sufficiency of the evidence by the same standards applied to a jury verdict. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). The test is "whether the evidence . . . would enable reasonable and fair-minded people to reach the [judgment] under review." *Id.* at 827. In reviewing factual

4

sufficiency of the evidence, we consider and weigh all of the evidence in the record, and we may overturn a judgment only if it is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

### *No affirmative claim for relief*

Initially, Cortez contends that Mann Bracken and Travelers are not entitled to attorney's fees because they had no claim for affirmative relief pending at the time of his nonsuit. The record shows that Cortez participated in the post-nonsuit hearing on Mann Bracken's and Travelers' motion without urging this argument. To preserve a complaint for appellate review, a party must present a timely request, objection, or motion, state the specific grounds therefor, and obtain a ruling. *See* Tex. R. App. P. 33.1; *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991). Having participated in the post-judgment hearing on this issue without objection, Cortez has waived this argument.[1] *See* Tex. R. App. P. 33.1; *Bushell*, 803 S.W.2d at 712. Even if Cortez had not waived this argument, however, Rule 162 of the Texas Rules of Civil Procedure expressly provides that a dismissal under the rule does not affect pending motions for attorney's fees. Tex. R. Civ. P. 162; *see Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 864 (Tex. 2010) (court retains power to address collateral matters listed in Rule 162); *In re Christus Spohn Hosp. Kelberg*, 222 S.W.3d at 437 (when rule is unambiguous, we construe it according to its plain meaning). Mann Bracken's and Travelers' claim for attorney's fees contained in their amended answer was pending

---

[1] A pro se litigant is held to the same standards as licensed attorneys and must comply with the applicable laws and rules of procedure. *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005).

at the time of Cortez's nonsuit, and therefore the dismissal had no effect on the claim. *See* Tex. R. Civ. P. 162.

### *Attorney's fees under the FDCPA*

We turn, then, to Cortez's argument that Mann Bracken and Travelers were not entitled to attorney's fees under the FDCPA. Cortez contends that under the FDCPA, the court may award attorney's fees only after a resolution of the merits and only to a prevailing defendant. Because he nonsuited his claims, Cortez contends, the trial court never reached the merits, and Mann Bracken and Travelers did not prevail. Thus, Cortez asserts, the trial court erred in awarding attorney's fees under the FDCPA.

The FDCPA provides in relevant part:

(a) Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

. . . .

(3) in the case of any successful action to enforce the foregoing liability, the cost of the action, together with a reasonable attorney's fee as determined by the court. *On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees in relation to the work expended and costs.*

15 U.S.C. § 1692k(a)(3) (emphasis added).

Cortez argues that an award of attorney's fees depends on two components: a resolution on the merits and a prevailing defendant. However, the express language of section 1692k

contains no such requirements. *See id.* The award of attorney's fees permitted by section 1692k is conditioned *only* on a finding by the court that the action was brought in bad faith and for the purpose of harassment. *Id.* Upon such a finding, the court has the discretion to award the defendant attorney's fees. *See id.* (court *may* award defendant attorney's fees) (emphasis added). There is no additional requirement that the merits of the case be resolved or that the defendant prevail. Thus, based on the plain language of section 1692k(a)(3), we conclude that Cortez's construction is erroneous. *See Marks*, 319 S.W.3d at 663; *In re Christus Spohn Hosp. Kelberg*, 222 S.W.3d at 437.

### *Bad faith and harassment*

Cortez also contends that there was insufficient evidence to support the trial court's finding of bad faith and harassment. The record indicates that Cortez had previously filed suit against Mann Bracken under the FDCPA in the justice of the peace court, which granted Mann Bracken's no-evidence summary judgment less than one month prior to Cortez's filing this suit; that sanctions were awarded against Cortez in the prior suit; that Cortez nonsuited his claims in this suit after being served with discovery but before the answers were due and after Mann Bracken filed a no-evidence motion for summary judgment; and that Cortez subsequently filed suit against Mann Bracken and Travelers in federal court after nonsuiting his claims in this case. On this record, we conclude that the evidence was sufficient to allow reasonable and fair-minded people to reach the finding reached by the trial court, *see City of Keller*, 168 S.W.3d at 827, and that the evidence was legally sufficient to support the trial court's finding. In addition, after reviewing all of the evidence in the record, we cannot say that the trial court's finding is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust, *see Cain*, 709 S.W.2d

7

at 176, and hold that the evidence was factually sufficient to support the trial court's finding. We therefore conclude that the trial court did not abuse its discretion in awarding Mann Bracken and Travelers attorney's fees pursuant to their claim under the FDCPA. Our disposition of this issue renders consideration of the award of attorney's fees under the FCRA unnecessary. We overrule Cortez's first issue.[2]

**Turnover Order**

In his second issue, Cortez complains that the trial court erred in signing a post-judgment turnover order under section 31.002 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002(b)(1). Section 31.002 allows court-ordered relief to a judgment creditor to satisfy a judgment, including the turnover of nonexempt property. *See id.* "Although most writs and orders in aid of execution are not appealable, the supreme court has held that a turnover order is a final, appealable judgment." *Bahar v. Lyon Fin. Servs. Inc.*, 330 S.W.3d 379, 388 (Tex. App.—Austin 2010, no pet.) (citing *Schultz v. Fifth Judicial Dist. Court of Appeals*, 810 S.W.2d 738, 740 (Tex. 1991) (orig. proceeding), *abrogated on other grounds by In*

---

[2] Cortez also asserts that the amount of the attorney's fees awarded is excessive. However, the only argument and authority he offers in support of this assertion address the conduct required to support a finding of bad faith and harassment. Having cited no evidence in the record nor any authority as to why the amount of attorney's fees awarded is excessive, Cortez has waived this argument. *See* Tex. R. App. P. 38.1(i). Even if he had not waived the argument, the record shows that at the hearing on the motion for attorney's fees, Cortez neither challenged the testimony of Mann Bracken's and Travelers' attorney nor offered contradictory testimony. The testimony offered by Mann Bracken and Travelers was clear, direct, positive, and uncontradicted, and the trial court did not abuse its discretion in awarding attorney's fees based on the testimony. *See Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 163 (Tex. 2004); *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1997).

*re Sheshtawy*, 154 S.W.3d 114, 124-25 (Tex. 2004)). We review a trial court's decision on a turnover order under an abuse of discretion standard. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991); *Moyer v. Moyer*, 183 S.W.3d 48, 51 (Tex. App.—Austin 2005, no pet.).

It is Cortez's burden as appellant to bring forward a sufficient record to demonstrate error. *Enterprise Leasing Co. v. Barrios*, 156 S.W.3d 547, 549 (Tex. 2004). Absent a complete record of the trial court proceedings, an appellate court must presume that the omitted documents support the trial court's judgment. *Id.* at 550. Cortez has failed to provide this Court with a copy of the transcript of the hearing on the application for turnover or a copy of the turnover order. Therefore, in the absence of the transcript and order, we presume that the omitted evidence supports the turnover order and the trial court did not abuse its discretion. *See id.*; *K-Mart Corp.*, 24 S.W.3d at 360.[3]

---

[3] Cortez's second issue also includes a complaint that the trial court erred in appointing a master in chancery without a showing of exceptional circumstances or good cause, as required by Texas Rule of Civil Procedure 171. *See* Tex. R. Civ. P. 171. We read this issue as a challenge to the trial court's order to the extent it granted powers of a master in chancery to the receiver, not as a challenge to the appointment of a receiver itself, which is governed by different authority. However, although this Court has exercised jurisdiction over the post-judgment appointment of a receiver, we have no appellate jurisdiction to review an order appointing a master in chancery even when the master is appointed at the same time as a receiver and in the same order mandating turnover. *Bahar v. Lyon Fin. Servs. Inc.*, 330 S.W.3d 379, 385, 388 (Tex. App.—Austin 2010, no pet.); *Moyer v. Moyer*, 183 S.W.3d 48, 58 (Tex. App.—Austin 2005, no pet.).

The proper vehicle to challenge a post-judgment order appointing a master in chancery is a petition for writ of mandamus. *See Simpson v. Canales*, 806 S.W.2d 802, 812 (Tex. 1991); *Bahar*, 330 S.W.3d at 388 (post-judgment order appointing master in chancery, even one that is embedded in a turnover and receivership order, is interlocutory and unappealable but may be challenged by mandamus); *Sheikh v. Sheikh*, 248 S.W.3d 381, 394 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (same). Accordingly, we are without jurisdiction to consider this aspect of Cortez's second issue.

**Motion for Sanctions**

In his third issue, Cortez contends that the trial court erred in denying his motion for sanctions against Mann Bracken and Travelers pursuant to section 10.002 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.002. The record reveals that Cortez filed his motion for sanctions in reply to Mann Bracken's and Travelers' motion for attorney's fees. The record further shows that at neither the hearing on the motion for attorney's fees nor in his motion to modify the judgment did Cortez offer any argument or evidence in support of his claim for sanctions. Having failed to urge his motion at the hearing and obtain a ruling or present any evidence to the trial court on this issue, Cortez has waived his request for sanctions. *See* Tex. R. App. P. 33.1; *Bushell*, 803 S.W.2d at 712. We overrule Cortez's third issue.

## CONCLUSION

We dismiss Cortez's challenge to the trial court's appointment of a master in chancery for lack of jurisdiction. The trial court's judgment and turnover order are in all other respects affirmed.[4]

---

[4] Cortez has filed three requests for judicial notice, and Mann Bracken and Travelers have filed a motion to dismiss, all of which are pending before this Court. We deny these motions.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Henson, and Goodwin

Affirmed in part; Dismissed in part

Filed:   September 22, 2011