# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00581-CV

**Valerie Thomas Bahar, M.D. and Valerie Thomas Bahar, M.D., P.A., Appellants**

**v.**

**Lyon Financial Services, Inc., A Minnesota Corporation d/b/a
U.S. Bancorp Manifest Funding Services, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-06-003390, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## O P I N I O N

In this restricted appeal, appellants Valerie Thomas Bahar, M.D. and Valerie Thomas Bahar, M.D., P.A. (collectively "Bahar") appeal two post-judgment orders, asserting that the trial court erred in compelling discovery, imposing discovery sanctions on Bahar and her attorney (including assessing attorney's fees), amending a pre-existing turnover order, and denying Bahar's motion for continuance. We will dismiss the appeal in part for lack of subject-matter jurisdiction, reverse the imposition of attorney's fees against Bahar, and otherwise affirm the trial court's orders.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellee Lyon Financial Services, Inc., a Minnesota Corporation d/b/a U.S. Bancorp Manifest Funding Services ("Lyon"), obtained a default judgment in Minnesota against Bahar that it later domesticated in Travis County. To aid in enforcing the judgment, the trial court signed a

turnover order appointing Riecke Baumann as master in chancery and receiver of Bahar's non-exempt assets. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (West 2008) (statute authorizing turnover order and appointment of receiver); Tex. R. Civ. P. 171 (rule authorizing appointment of master in chancery). Attempting to locate Bahar's non-exempt assets, Baumann propounded various written discovery requests on Bahar and also took her deposition. Bahar's counsel objected to numerous discovery requests and terminated her deposition early due to a dispute with Baumann. Baumann filed a motion to compel and a motion to amend the turnover order to expand his investigative powers. Baumann also requested attorney's fees for the time he spent drafting and arguing both motions. Baumann scheduled these motions for hearing. Asserting that her attorney had a scheduling conflict, Bahar moved to continue the hearing on Baumann's motions, but did not set her motion for continuance for hearing or otherwise submit the motion to the trial court for a ruling. The hearing, which Baumann and counsel for Lyon attended but Bahar and her attorney did not, proceeded as scheduled. At the hearing, the court granted Baumann's motions and denied Bahar's motion for continuance. The court later memorialized its grant of Baumann's motions in two orders, but did not reduce to writing its oral denial of Bahar's motion for continuance. Bahar initially sought mandamus relief from the court's rulings, which this Court denied. *See In re Bahar*, No. 03-09-00359-CV, 2009 WL 2437222, at *1 (Tex. App.—Austin July 28, 2009, orig. proceeding [mand. denied]) (mem op.). After we denied her petition for mandamus, Bahar filed this restricted appeal.

2

**STANDARD OF REVIEW**

To prevail on a restricted appeal, the appealing party must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (citing Tex. R. Civ. P. 26.1(c), 30; *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999)). We cannot consider any extrinsic evidence; our review is limited to the face of the record. *Id.* "The face of the record, for purposes of a restricted appeal, consists of all the papers that were before the trial court when it rendered its judgment." *Cox v. Cox*, 298 S.W.3d 726, 731(Tex. App.—Austin 2009, no pet.) (citing *Alexander*, 134 S.W.3d at 848-49).

**DISCUSSION**

In five issues, Bahar asserts that (1) she "can prevail on [her] restricted appeal"; (2) the trial court abused its discretion in denying her motion for continuance; (3 & 4) the order compelling discovery is "void as a matter of law" or, alternatively, the trial court abused its discretion in granting Baumann's motion to compel; and (5) the trial court abused its discretion in rendering the amended turnover order. In response, Lyon argues that this Court lacks subject-matter jurisdiction over Bahar's appeal because there is no "final judgment" as that term is understood in the context of a post-judgment receivership proceeding. In the alternative, Lyon asserts that Bahar's restricted appeal should fail because Bahar (1) "participated" in the proceeding resulting in the orders

3

on appeal, and (2) failed to show error on the face of the record. Lyon also requests that we impose sanctions against Bahar's counsel for filing a frivolous appeal.

### *Does this Court Have Jurisdiction over Bahar's Appeal?*

Generally, appellate courts have jurisdiction only over appeals from "final judgments" and certain appealable interlocutory orders. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001); Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West 2008) (listing appealable interlocutory orders). In the present case, the domesticated Minnesota judgment is the "final judgment" between the parties, as it disposes of all claims and all parties in the underlying lawsuit. *See Lehmann*, 39 S.W.3d at 200; *see also* Tex. R. Civ. P. 301 ("Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law."). Although the orders appealed here were rendered in proceedings held in aid of satisfying that judgment and thus do not fit into *Lehmann*'s conventional final-judgment analysis, we are not without guidance.

#### (i) Turnover/Receivership Order

Although most writs and orders in aid of execution are not appealable, the supreme court has held that a turnover order is a final, appealable judgment. *Schultz v. Fifth Judicial Dist. Court of Appeals*, 810 S.W.2d 738, 740 (Tex. 1991), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114, 124-25 (Tex. 2004); *see also Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995) (per curiam) (holding that appellate court erred in applying interlocutory appellate deadlines to appeal from turnover order "because a turnover order is a final, appealable judgment"). We also have jurisdiction over a trial court order "that

4

resolves a discrete issue in connection with any receivership." *Huston v. Federal Deposit Ins. Corp.*, 800 S.W.2d 845, 847 (Tex. 1990) ("pre-judgment" receivership proceeding). Further, we and our sister courts have exercised jurisdiction over the post-judgment appointment of a receiver when that appointment was made pursuant to the turnover statute. *See Moyer v. Moyer*, 183 S.W.3d 48, 51 (Tex. App.—Austin 2005, no pet.); *see also Stanley v. Reef Sec., Inc.*, 314 S.W.3d 659, 670 (Tex. App.—Dallas 2010, no pet.); *Suttles v. Vestin Realty Mortgage I, Inc.*, Nos. 01-09-01023-CV & 01-10-00071-CV, 2010 WL 1611765, at *2 (Tex. App.—Houston [1st Dist.] Apr. 22, 2010, no pet.) (mem. op.).

Lyon concedes that we would have had jurisdiction over an appeal from the *initial* turnover order that was rendered in 2007 if Bahar had timely appealed that order. *See Valerie Thomas Bahar, M.D., P.A. v. Lyon Fin. Servs., Inc.*, No. 03-07-00469-CV, 2009 WL 2341864, at *4 (Tex. App.—Austin July 28, 2009, no pet.) (mem. op.) (dismissing Bahar's appeal of turnover order for failure to timely perfect appeal). Lyon argues, however, that because the amended turnover order at issue here merely "clarif[ies] the existing receiver's powers, adjusting for the intransigence of [Bahar]," we do not have jurisdiction over it. Alternatively, Lyon appears to argue that we have jurisdiction only over complaints about the new provisions of the amended turnover/receivership order, i.e., provisions that were not also present in the prior order.

Although styled as an "amended turnover order," the 2009 order from which the present appeal is taken is really the "second amended" turnover order in the case. The original turnover order was rendered in 2007 and was not timely appealed to this Court, as noted above. The

5

second order (the "first amended") was rendered in May 2008 and was not appealed.[1]  The 2008

amended turnover order was, in turn, amended by the 2009 order at issue here.  The 2009 order is

virtually identical to the 2008 order.  The only changes are the addition of several new provisions

(1) expressly authorizing the receiver to bring contempt proceedings before the court, (2) ordering

Bahar to produce records of her payments to her attorneys "since the first turnover order was

granted," (3) ordering Bahar to turn over all tax refunds to the receiver, (4) requiring Bahar to notify

the receiver of any interests she has in any probate estates, and (5) awarding Baumann attorney's fees

"for obtaining this order."

A post-judgment turnover order is a "procedural device by which judgment creditors

may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal

process." *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991).  A turnover order

> requires the debtor to bring to the court all documents or property used to satisfy a
> judgment. The actual effect of the [turnover statute] is to require the burden of
> production of property which is subject to execution to be placed with the debtor
> instead of a creditor attempting to satisfy his judgment.

---

[1]  The May 2008 turnover/receivership order was not included in the record of the present
appellate cause.  A copy of that order was, however, included in the record of a related appeal from
the same trial-court cause involving the same parties. *See Valerie Thomas Bahar, M.D., P.A. v. Lyon
Fin. Servs., Inc.*, No. 03-07-00469-CV, 2009 WL 2341864 (Tex. App.—Austin July 28, 2009, no
pet.) (mem. op.).  "It is well recognized that a trial court may take judicial notice of its own records
in a cause involving the same subject matter between the same, or practically the same, parties."
*Sierad v. Barnett*, 164 S.W.3d 471, 481 (Tex. App.—Dallas 2005, no pet.) (quoting *Gardner
v. Martin*, 345 S.W.2d 274, 276 (Tex. 1961)).  Accordingly, we take judicial notice of the amended
turnover order rendered by the trial court in 2008 and contained in the record of appellate cause
number 03-07-00469-CV.

*Id.* at 226. It is because a turnover order "acts as a mandatory injunction against the judgment debtor" that it is reviewable on appeal. *Schultz*, 810 S.W.2d at 740; *see also Kennedy v. Hudnall*, 249 S.W.3d 520, 524 (Tex. App.—Texarkana 2008, no pet.) (holding that self-styled "turnover order" that merely required sheriff to "seize and sale [sic] the property" did not act as injunction against debtor and was not appealable). Of course, a turnover order is not really a "final judgment" in that it does not finally dispose of all parties and all issues. *See Lehmann*, 39 S.W.3d at 200. Rather, it is the ability of the turnover order to be "read to act as a mandatory injunction as to the judgment debtor or transferee" that allows courts to *deem* it so. *Kennedy*, 249 S.W.3d at 524. One important consequence of deeming the turnover order a final judgment is to subject it to the deadlines for perfecting appeal contained in Texas Rule of Appellate Procedure 26.1, *see Burns*, 909 S.W.2d at 506, and, we think, to the accompanying jurisdictional analysis should a timely appeal not be filed, *see Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737 (Tex. 2001) (appellate court does not have jurisdiction unless timely notice of appeal is filed).

Ordinarily, an amended final order supersedes any prior final order when the "order amounts to something more than marking through [an earlier date] and substituting another date on the final order." *Old Republic Ins. Co. v. Scott*, 846 S.W.2d 832, 833 n.2 (Tex. 1993) (holding date of final judgment for purpose of appellate filing deadlines was later date, not earlier). When the trial court signs an amended order, the original order becomes "a nullity." *Id.* As the original judgment ceases to have legal effect, only the amended judgment can support an appeal.

Although the core of the amended-order rule articulated in *Old Republic*—that an amended order supersedes the order it amends—also applies to "final, appealable" orders rendered

7

in aid of enforcing a judgment, the rule's effect on our appellate jurisdiction in that context is not as clear cut. This is because the rule makes at least two key assumptions not present in appeals from orders rendered in aid of enforcement. First, it assumes that the trial court has a finite—and relatively short—amount of time during which to amend its final judgments, i.e., the plenary-power period. *See* Tex. R. Civ. P. 329b (detailing time period for expiration of court's plenary power); *see also Malone v. Hampton*, 182 S.W.3d 465, 470 (Tex. App.—Dallas 2006, no pet.) ("[A] suit ends when the trial court's plenary power over the proceeding ends. The very purpose of limiting a trial court's plenary power over a proceeding is to foreclose the possibility of a suit continuing indefinitely even though a final judgment has been obtained."). Second, the rule assumes that there can be only one "final" judgment, except in the rare instance where it is provided for by other law. *See* Tex. R. Civ. P. 301; *Lehmann*, 39 S.W.3d at 195 (citing *Thomas v. Oldham*, 895 S.W.2d 352, 356 (Tex. 1995)).

In contrast, the court's post-judgment power to enforce its judgment and to aid the judgment creditor in his efforts to collect on that judgment can last until the judgment is satisfied. *See* Tex. R. Civ. P. 308; *Matz v. Bennion*, 961 S.W.2d 445, 452 (Tex. App.—Houston [1st Dist.] 1997, pet. denied) ("The only limit on a trial court's authority to enforce its [judgment] is 'that enforcement orders may not be inconsistent with the original judgment and must not constitute a material change in substantial adjudicated portions of the judgment.'" (quoting *Katz v. Bianchi*, 848 S.W.2d 372, 374 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding [leave denied])). Thus, the court may render a number of amended turnover orders, all of which could be final, appealable judgments if they satisfy *Schultz*'s test by acting as mandatory injunctions. *See*

8

*Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982) ("While the trial court's power to vacate, modify, correct, or reform a judgment ceases under Rule 329b(d) thirty days after the judgment is signed, the court's power to enforce its judgment is not so limited. The general rule is that every court having jurisdiction to render a judgment has the inherent power to enforce its judgments." (Citation omitted)).

Thus, we actually have the opposite set of assumptions operating here: the court can (1) exercise its inherent power to enforce its judgments for a indefinite period of time, and (2) render multiple judgments, on the same or different issues, over a period of months or even years. This means that, as is the case here, the trial court could amend an otherwise final, appealable order long after the deadline for appealing the first order has passed. In that circumstance, exercising jurisdiction over the portions of the amended order that could have been timely appealed, but were not, would render the appellate deadlines of rule 26.1 meaningless.

Keeping in mind the filing deadlines of rule 26.1, we conclude that because the 2008 order was not appealed, an assertion of jurisdiction by this Court over the *entire* 2009 order—which includes, verbatim, the 2008 order's substantive provisions—would serve to improperly resurrect the unappealed, "finally final" portions of the 2008 order. *See* Tex. R. App. P. 26.1; *Wagner & Brown, Ltd.*, 58 S.W.3d at 737. Accordingly, we hold that Bahar's failure to appeal the 2008 order means that this Court lacks jurisdiction to review those portions of the 2009 order that were also present in the 2008 order.[2]

---

[2] Our holding is necessarily limited to cases in which, as here, the amended order was rendered *after* rule 26.1's deadlines for appeal of the original order had passed. We do not address the circumstance where a post-judgment order is amended before the expiration of those deadlines.

*(ii) Master-in-Chancery Order*

We lack appellate jurisdiction to review an order appointing a master in chancery, even when the master is appointed at the same time as a receiver and in the same order mandating turnover. *See Moyer*, 183 S.W.3d 48 at 58; *see also Sheik v. Sheik*, 248 S.W.3d 381, 393-94 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The appointment of a master in chancery is reviewable only by mandamus. *Sheik*, 248 S.W.3d at 394 ("The proper vehicle to challenge the master-in-chancery portion of the complained-of order is by mandamus."). Consequently, we must dismiss Bahar's appeal insofar as it challenges the amended turnover order's master-in-chancery provisions.

*(iii) Discovery Order and Discovery Sanctions*

Post-judgment orders regarding discovery disputes are not final, appealable judgments over which this Court has jurisdiction. *See Fisher v. P.M. Clinton Int'l Investigations*, 81 S.W.3d 484, 486 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Collier Servs. Corp. v. Salinas*, 812 S.W.2d 372, 375 (Tex. App.—Corpus Christi 1991, no pet.); *see also Arndt*, 633 S.W.2d at 500 n.5. Such orders are reviewable only by mandamus. *Salinas*, 812 S.W.3d at 375; *Parks v. Huffington*, 616 S.W.2d 641, 645 (Tex. Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). Consequently, we lack jurisdiction to review the order compelling discovery.

A post-judgment imposition of monetary sanctions, however, is a final, appealable judgment "when the sanctions are reduced to a judgment and execution is authorized thereon." *Arndt*, 633 S.W.2d at 500 n.5. Here, the order compelling discovery imposed monetary sanctions

10

on Bahar. Although the order did not explicitly state that "execution is authorized," it disposed of the sanctions issue and would support execution. Accordingly, we have jurisdiction to review it.

In addition to granting Baumann's motion to compel discovery and imposing sanctions on Bahar, the court's order also stated that "Joseph Willie, III, defense counsel, is ordered to personally appear for all future hearings, depositions and examinations." Bahar complains that this order violates numerous rules and statutes. We cannot address this part of Bahar's complaint, however, because she lacks standing to assert it.

"[A] lack of standing deprives a court of subject matter jurisdiction because standing is an element of such jurisdiction." *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444-45 (Tex. 1993). "Texas courts have long held that an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000). "An appellant is not harmed when sanctions are imposed solely against the appellant's attorney. . . . Accordingly, such an appellant lacks standing to challenge sanctions on appeal." *Niera v. Frost Nat'l Bank*, No. 04-09-00224-CV, 2010 WL 816191, at *1 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.) (citing *Matbon, Inc. v. Gries*, 287 S.W.3d 739, 740 (Tex. App.—Eastland 2009, no pet.)).

As in *Niera*, the sanction in question here was imposed only on the attorney, not on the litigant herself. Although the court's order requires Willie to personally appear at future court proceedings, it does not constrain Bahar's freedom to dismiss Willie or instruct him not to represent her at those proceedings. Also, the transcript from the sanctions hearing indicates that by ordering

11

Willie to personally appear at future proceedings, the court was sanctioning him—not Bahar—for what it viewed as Willie's "obstreperousness." The court's oral ruling makes this plain.

> And I will order Mr. Willie—Dr. Willie . . . to appear personally since his motions for continuance have all said that his personal appearance is necessary to adequately assure the representation of Dr. Bahar and her P.A. I think he should certainly be here.

Because Bahar lacks standing to complain about the imposition of sanctions against Willie, we lack subject-matter jurisdiction over this portion of the discovery order. *See id.*

### Did Bahar "Participate in the Hearing that Resulted in the Judgment Complained of"?

Lyon argues that Bahar's restricted appeal fails because she participated in the hearing that resulted in the judgment by filing written responses to the motions at issue. It argues that, because the court did not need to have a "formal fact-finding hearing" and because Bahar "actually did file written responses to each motion," Bahar participated in the "key decision-making event." *See Cox*, 298 S.W.3d at 730 ("To determine whether [the appellant] meets the non-participation requirement of a restricted appeal, we ask whether he took part in the decision-making event that resulted in the adjudication of his rights.").

Although Bahar submitted written argument and evidence in response to the motions, we cannot say that she "participate[d] in the hearing that resulted in the judgment complained of." *Alexander*, 134 S.W.3d at 848. "The nature and extent of participation necessary to preclude a restricted appeal in any particular case is a matter of degree because trial courts decide cases in a wide variety of procedural settings." *Id.* (citing *Texaco v. Central Power & Light*

12

*Co.*, 925 S.W.2d 586, 589 (Tex. 1996)).  "The pivotal question to be answered when analyzing the participation requirement of a restricted appeal is whether appellant took part in the decision-making event that results in the adjudication of his rights." *Rivero v. Blue Keel Funding, L.L.C.*, 127 S.W.3d 421, 423-24 (Tex. App.—Dallas 2004, no pet.).  At the hearing in the present case, the trial court considered the evidence and orally ruled on the motions.  Unlike summary-judgment procedure, Bahar would have had an opportunity to present evidence at the hearing.  *Cf. id.* (noting that written response to motion for summary judgment is party's opportunity to present evidence and, for that reason, constitutes participation).  We think that, under the circumstances, the hearing from which Bahar was absent constituted the "actual trial" of the issues decided by the orders appealed here.  *See id.*  Accordingly, we hold that Bahar met the non-participation requirement.

### Is Error Apparent on the Face of the Record?

#### (i) Denial of Motion for Continuance

In Bahar's second issue, she argues that the trial court erred in overruling her motion for continuance of the hearing on Baumann's motions.  Because the 2009 order was, at least in part, a "final, appealable" order, and because Bahar's motion for continuance related to the hearing that resulted in that order, we have jurisdiction to review the trial court's denial of Bahar's motion.  We review a trial court's ruling on a motion for continuance for an abuse of discretion.  *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002).  "A trial court 'abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and

13

prejudicial error of law.'" *Id.* (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)). Because this is a restricted appeal, our review is limited to determining whether an abuse of discretion is apparent on the face of the record. *See Alexander*, 134 S.W.3d at 848.

Bahar requested a continuance of the April 29, 2009 hearing, asserting that her lawyer, Mr. Willie, was scheduled to be at a jury trial in a criminal case in Houston beginning the same day. She argues that the local administrative rules that govern conflicting court settings required the court to grant her motion. Citing the regional rules of administration for the second administrative judicial region of Texas, Bahar contends that the judge lacked discretion to deny her continuance. The second region, however, does not include Travis County, where this matter is pending; thus, those rules did not bind the trial court. *See* Tex. R. Civ. P. 3(a) (allowing enactment of local and regional rules of procedure). The third region, of which Travis County is a part, has similar rules for handling attorney scheduling conflicts. Rule 7, entitled "Conflicting Engagements," states:

> B. When an attorney is assigned to two courts for the same date:
>
>   1. It is the duty of the attorney to call the affected judges' attention to all conflicting settings as soon as they are known or reasonably may be anticipated.
>
>   2. When a conflicting setting problem is made known, the affected judges should confer and agree on which case has priority.
>
>   3. The following priorities are established to aid judges in determining which case has priority:
>
>       a. Criminal case
>           . . . .
>       b. Case given preference by statute

14

c.   Earliest set case
d.   Earliest filed case
e.   Court in multi-judge counties should yield to single judge counties and courts of multi-county districts

4.   In the event the affected judges cannot agree on which case has priority, the question shall be resolved by the regional presiding judge or judges. If two or more regions are affected and the regional presiding judges cannot agree, the question shall be resolved by the Chief Justice of the Supreme Court of the State of Texas, or by another Supreme Court Justice designated by the Chief Justice.

Tex. R. Jud. Admin. [3d Admin. Dist.] 7, *available at* http://www.courts.state.tx.us/3ajr/pdf/ 3ajr-rules.pdf.

Assuming without deciding that Bahar is correct that the trial court had no choice but to grant her continuance if she complied with the requirements of the foregoing rule, Bahar's challenge fails because the record does not demonstrate her compliance. Specifically, the record does not show that Bahar's attorney notified the Harris County criminal court of the conflicting settings. *See id.* R. 7(B)(1). Such notification is mandatory. *See id.* ("It is the duty of the attorney to call the affected judges' attention to all conflicting settings . . . ."). Because the record does not show that Bahar gave both judges the required notice, there is no error apparent on the face of the record.[3] *Alexander*, 134 S.W.3d at 848. We overrule Bahar's third issue.

---

[3] In addition, we note that there is evidence in the record that could support a conclusion that Bahar's lawyer deliberately set the criminal matter in Harris County to conflict with the previously scheduled hearing in Travis County as a way to delay that hearing. The record suggests that Bahar's lawyer requested the April 29 criminal setting in Harris County only *after* representing to Baumann that he was available for the Travis County hearing on that day. Baumann, who lives in Houston, actually attended the Harris County criminal proceeding in question, yet also attended the hearing in Austin later that day. At the hearing in Austin, he represented to the trial court that Bahar's lawyer had appeared at the Harris County docket call for less than ten minutes in order to reset the relevant

15

*(ii) The Turnover/Receiver Order*

In her fifth issue, Bahar asserts numerous challenges to the court's turnover order. Only her challenge to the court's award of attorney's fees, however, is directed at a provision of the 2009 order not also present in the 2008 order; therefore, that is the only challenge over which we have jurisdiction. Bahar argues that the trial court abused its discretion in awarding attorney's fees to Baumann for obtaining the amended turnover order because he provided no evidence as to the method of calculating the fee, nor its reasonableness or necessity.

"We review a turnover order, an appointment of a receiver, and an award of fees to the receiver for an abuse of discretion." *Moyer*, 183 S.W.3d at 51 (citing *Beaumont Bank*, 806 S.W.2d at 226). "[R]equests for attorney's fees in general must meet certain requirements." *Woollett v. Matyastik*, 23 S.W.3d 48, 52 (Tex. App.—Austin 2000, pet. denied). Such requests must be reasonable and be supported by expert testimony and evidence of the attorney's "hourly rate and the hours expended." *Id.* at 52-53.

> Determining a reasonable attorney's fee is a question of fact and the fee award must be supported by competent evidence. A court does not have authority to adjudicate the reasonableness of attorney's fees on judicial knowledge without the benefit of evidence. . . . When no evidence or insufficient evidence supports an award, the court abuses its discretion in making the award.

*Id.* at 53 (citations omitted).

---

criminal matter for further proceedings. Baumann also noted that he had no trouble driving from Houston to Austin in time for the afternoon hearing in the Bahar case.

A review of the appellate record here shows that the fee award is unsupported by any testimony, either oral or written, that would indicate how the fee was calculated or whether it was reasonable. This complete lack of supporting evidence constitutes error on the face of the record. Accordingly, we sustain this portion of Bahar's fifth issue.

*(iii) Discovery Sanctions*

In her fourth issue, Bahar asserts that the court abused its discretion in awarding attorney's fees to Lyon and Baumann without supporting evidence. The trial court sanctioned Bahar for discovery abuse, ordering her to pay Lyon $500 and Baumann $2,500 in attorney's fees for their time spent preparing the motion to compel and attending the hearing. Like the turnover-order fee award, awarding attorney's fees here was an abuse of discretion because the record contains no evidence indicating how the awards were calculated or whether they were reasonable or necessary. We sustain Bahar's fourth issue.

### Lyon's Motion for Rule 45 Sanctions

Lyon requests that we impose sanctions against Bahar for filing a frivolous appeal. *See* Tex. R. App. P. 45. We conclude that sanctions are not appropriate. *See Easter v. Providence Lloyds Ins. Co.*, 17 S.W.3d 788, 792 (Tex. App.—Austin 2000, pet. denied) (sanctions unwarranted when party had reasonable expectation of reversal). Lyon's motion for sanctions is denied.

### CONCLUSION

We dismiss Bahar's complaints that the trial court abused its discretion in rendering the 2009 amended turnover order because it (1) "wholly jeopardizes [Bahar's] business . . . and [her]

17

privacy and constitutional rights"; (2) failed to "take into consideration the superior federal tax lien"; (3) ordered turnover of Bahar's assets from third parties; (4) ordered holders of GPS information about Bahar's movements to turn over such information to Baumann; (5) allowed Baumann to open all of Bahar's mail without a duty to timely return it to her; and (6) ordered utility companies and financial institutions to provide information about Bahar. We lack subject-matter jurisdiction to entertain those complaints because the complained-of portions of the 2009 amended turnover order were also contained in the unappealed 2008 turnover order. In addition, we dismiss her challenge to the trial court's order complaining that the record lacks the "required evidence that Bahar attempted to hide assets." We also dismiss Bahar's challenges to the order appointing a master in chancery and the discovery order, except as it imposes monetary sanctions on Bahar.

We reverse the portions of the 2009 amended turnover order and the discovery order insofar as they require Bahar to pay Lyon's and Baumann's attorney's fees and render judgment that Lyon and Baumann take nothing by their requests for attorney's fees. We affirm the remainder of the 2009 amended turnover order.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed in part; Dismissed in part; Reversed and Rendered in part

Filed: November 5, 2010