# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

—————

## NO. 03-11-00896-CV

—————

**Valerie Thomas Bahar, M.D.; Valarie Thomas Bahar, M.D., P.A.; Shalanda D. Moore, J.D.; and Joseph R. Willie, II, D.D.S., J.D., Appellants**

**v.**

**Lyon Financial Services, Inc., A Minnesota Corporation d/b/a US Bancorp Manifest Funding Services; and Riecke Buamann, Receiver and Master in Chancery, Appellees**

—————

**FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
NO. C-1-CV-11-012239, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING**

—————

## M E M O R A N D U M   O P I N I O N

On December 19, 2012, we abated this appeal at the parties' request while they pursued settlement negotiations. Appellants filed a motion to reinstate the appeal on February 11, 2013. The motion to reinstate is granted, and this appeal is reinstated. Appellants have now filed a motion to dismiss this appeal and informed the Court that they have executed a settlement agreement. The motion to dismiss requests that we vacate an Order Granting Receiver's Motion for Rule 13 and Chapter 10 Sanctions signed by the trial court on October 14, 2011. However, we are unable to locate any such order in the record. The notice of appeal filed in this Court on December 19, 2011, states that appellants desire to appeal from an Order Granting Receiver's Motion for Rule 13 and Chapter 10 Sanctions, which was signed by the trial court on October 14, *2009*. To the extent the parties request that we vacate that order, we do not have

jurisdiction to do so because appellants failed to timely file a notice of appeal of that order. *See Bahar v. Baumann*, No. 03-09-00691-CV; 2011 WL 4424294, at *4 (Tex. App.—Austin Sept. 23, 2011, pet. denied) (mem. op.) (dismissing appeal of October 14, 2009, Order Granting Receiver's Motion for Rule 13 and Chapter 10 Sanctions for want of jurisdiction because no timely notice of appeal was filed).

Appellants also request that we vacate an Order Supplementing October 14, 2009 Order Granting Receiver's Motion for Rule 13 and Chapter 10 Sanctions, which was signed by the trial court on December 22, 2009. Appellants did not file a notice of appeal from the referenced December 22, 2009, order until December 19, 2011. A notice of appeal of a sanctions order signed on December 22, 2009, would have been due on January 21, 2010. *See* Tex. R. App. P. 26.1 (default deadline to file notice of appeal is thirty days after judgment or order is signed). Appellants' notice of appeal of the December 22, 2009, order, filed on December 19, 2011, was untimely. Consequently, we do not have jurisdiction over any attempted appeal of that order.

Any party wishing to appeal a trial court's order must file a notice of appeal. Tex. R. App. P. 25.1(c). If a party's notice of appeal is not timely filed, an appellate court cannot exercise jurisdiction over the party's attempted appeal. *See Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 386 (Tex. App.—Austin 2010, pet. denied) (citing *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737 (Tex. 2001)). When an appellate court does not have jurisdiction over an appeal, it can only dismiss the appeal. *Kilroy v. Kilroy*, 137 S.W.3d 780, 782 (Tex. App.—Houston [1st Dist.] 2004, no pet.). And when an appellate court lacks jurisdiction over *part* of an appeal, it "should dismiss the part over which it has no jurisdiction, not overrule the points that

relate to that part." *Metzger v. Sebek*, 892 S.W.2d 20, 55 (Tex. App.—Houston [1st Dist.] 1994, writ denied), *cert. denied*, 516 U.S. 868 (1995). Since we lack jurisdiction over the attempted appeal from the referenced sanctions orders, we have no authority to vacate or otherwise act on those orders, even by agreement of the parties. In accordance with the parties' settlement agreement, we dismiss this appeal. *See* Tex. R. App. P. 42.1(a)(2)(A), (B).

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Dismissed

Filed: April 5, 2013

3