ACCEPTED
03-14-00608-CV
4466980
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/12/2015 1:25:53 AM
JEFFREY D. KYLE
CLERK

No. 03-14-00608-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

3/12/2015 1:25:53 AM

JEFFREY D. KYLE
Clerk

IN THE
THIRD COURT OF APPEALS
at AUSTIN

_____

LINDA S. NOWLIN,
Appellant,
v.
LORI KEATON,
Appellee.

_____

Appealed from County Court at Law, Number 1
Travis County, Texas

_____

APPELLEE'S RULE 45 MOTION FOR DAMAGES
_____

Respectfully submitted,
Robby P. Abarca
Texas Bar No. 24043515
P.O. Box 152547
Austin, Texas  78715
Tel.  (512) 318-4722
Fax  (512) 697-2832
rpabarca@abarcalawfirm.com

ATTORNEY FOR APPELLEE,
LORI KEATON

## APPELLEE'S RULE 45 MOTION FOR DAMAGES

The Appellee respectfully moves that this Court award damages to Appellee pursuant to Rule 45 of the Texas Rules of Appellate Procedure because Appellant's appeal is frivolous.

## PROCEDURAL BACKGROUND

This proceeding is Appellant's appeal of the judgment of Travis County Court at Law Number 2 in Cause No. C-1-CV-14-006938.  The Appellant filed her Brief on January 9, 2015.  The Appellee filed her Brief on February 20, 2015.  The Appellant filed her Reply Brief on March 2, 2015.  This is the Appellant's second appeal of a forcible detainer action that originated in Travis County Justice Court, Precinct 2 as Cause No. J2-CV-14-074340.

## RULE 45

Rule 45 of the Texas Rules of Appellate Procedure states:  "If the court of appeals determines that an appeal is frivolous, it may — on motion of any party or on its own initiative, after notice and a reasonable opportunity for response— award each prevailing party just damages. In determining whether to award

damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals."


THE LAW

*Rule 45*

The Appellant's appeal is frivolous if the Appellee can show that the Appellant's expectation of reversal is unreasonable and that Appellant pursued this appeal in bad faith. *Easter v. Providence Lloyds Ins. Co.,* 17 S.W.3d 788, 792 (Tex.App.- Austin 2000); *Bahar, M.D. v. Lyon Financial Services, Inc.*, 330 S.W.3d 379, 391 (Tex.App.-Austin 2010)("sanctions unwarranted when party had reasonable expectation of reversal"); *Ziefman v. Michels*, 082213 TXCA3, 03-12-00114-CV ("sanctions unwarranted against ultimately unsuccessful party when she had reasonable expectation of reversal and there had been no showing that she pursued appeal in bad faith").

*Forcible Detainer*

The Supreme Court wrote: "An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of

property. Judgment of possession in a forcible detainer action is . . . a determination of the right to immediate possession." *Marshall v. Housing Authority of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Scott v. Hewitt*, 90 S.W.2d 816, 818 (Tex. 1936)("The Legislature has expressly provided by forcible entry and detainer proceedings a summary, speedy, and inexpensive remedy for the determination of who is entitled to the possession of premises without resorting to an action upon the title."); *Hong Kong Development, Inc. v. Nguyen*, 229 S.W.3d 415, 434 (Tex.App.-Houston[1st Dist.] 2007)("the sole issue to be determined in a forcible-detainer or forcible-entry suit is the entitlement to actual and immediate possession").

## ARGUMENT

Appellant's appeal is frivolous. She appeals for the second time the judgment of a *forcible detainer* action. Although the Appellee surrendered her claim to right of possession on September 5, 2014, the Appellant filed this appeal on September 23, 2014.

The Appellant first filed the forcible detainer action against the Appellee in Travis County Justice Court, Precinct 2 where Appellee won a judgment against

Appellant. [CR 11]. The Appellant appealed that judgment to Travis County Court at Law Number 2 where again Appellee won a judgment against Appellant. [CR 176].

At the September 17, 2014 hearing at which the judgment was signed by the Honorable David Phillips, Presiding Judge, the Appellee, with the Appellant present, informed Travis County Court at Law Number 2 that the Appellee, having moved on September 5, 2014, no longer claimed a right to possession of the premises at 3907 Eck Lane, Austin, Travis County, Texas. [Supp RR: 9,13; CR 176]. Yet, on September 23, 2014, the Appellant filed this appeal.

It is settled Texas law that superior right of possession is the sole issue for determination in a forcible detainer action. The Appellant has now prosecuted her forcible detainer action against the Appellee not once, not twice, but three times.

The Appellant can not have a reasonable expectation of reversal in this proceeding given the overwhelming case law that states that she already has what she is appealing, possession of the premises.

Prior to September 5, 2014, the Appellee successfully defeated the Appellant's forcible detainer actions. It was necessary for the Appellee to defend against and defeat the Appellant in judicial proceedings prior to September 5, 2014

because the Appellee maintained a claim of right to possession in the premises at the time of those hearings.

This appeal is a vehicle by the Appellant to drive up her attorney's fees and that of Appellee. Yet, it is on the very issue of attorney's fees that they claim to deserve a new trial in Travis County Court at Law!

Rule 510.11 of the Texas Rules of Civil Procedure states: "On the trial of the case in the county court the appellant or appellee will be permitted to plead, prove and recover his damages, if any, suffered for withholding or defending possession of the premises during the pendency of the appeal. Damages may include but are not limited to loss of rentals during the pendency of the appeal and attorney fees in the justice and county courts provided, as to attorney fees, that the requirements of Section 24.006 of the Texas Property Code have been met. Only the party prevailing in the county court will be entitled to recover damages against the adverse party." The Appellant did not prevail in county court!

The Appellant can not be said to have a reasonable expectation of reversal by this Court and yet, the Appellant filed a 48-page Brief and a 13-page Reply Brief to attempt to persuade this Court to reverse the lower court judgment from which it appeals! It is clear that Appellant has brought this appeal in bad faith.

Rule 45 provides that the Court may only look to the record when determining whether to award damages; however, it does not provide a similar reservation on the amount of damages to award. For that reason, Appellee notes for the Court's that on December 15, 2014 in accordance with the lease agreement [CR 38] between the parties that stipulates that the prevailing party may recover attorney's fees from the adverse party, Appellee submitted her request to Appellant for reimbursement of $20,670 in attorney's fees.[1] This amount did not include Appellee's attorney's fees defending against this appeal. The Appellant, through her counsel, responded: "Dear Mr. Abarca: We are in receipt of your demand letter and our response is that we have no intention of complying therewith. Thank you. David Nowlin."

THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK

---

[1] Texas Rule of Appellate Procedure 10.2 states: "A motion need not be verified unless it depends on the following types of facts, in which case the motion must be supported by affidavit or other satisfactory evidence. The types of facts requiring proof are those that are: (a) not in the record; (b) not within the court's knowledge in its official capacity; and (c) not within the personal knowledge of the attorney signing the motion.

## PRAYER

For the foregoing reasons, the Appellee respectfully requests that this Court find that Appellant's appeal is frivolous and award damages to the Appellee in an amount of not less than $20,670 and at least as commiserate with the economic and emotional cost to Appellee having to defend herself again and again, against Appellant's irrational prosecution of this forcible detainer action.

Respectfully submitted,
*/s/ Robby Abarca*
Robby P. Abarca
Texas Bar No. 24043515
P.O. Box 152547
Austin, Texas  78715
Tel.  (512) 318-4722
Fax  (512) 697-2832
rpabarca@abarcalawfirm.com

ATTORNEY FOR APPELLEE,
LORI KEATON

## CERTIFICATE OF SERVICE

I certify that a copy of Appellee's Rule 45 Motion for Damages was served on Appellant, Linda S. Nowlin, through her counsel of record, Mr. David Nowlin, 7301 RR 620 North, Ste. 155, 319, Austin, Texas 78726-4537; tel. (512) 468-4882; email: davidnowlin @me.com, by electronic service on March 12, 2015 before 5:00 p.m. (local time of the recipient).

*/s/Robby Abarca*
Robby P. Abarca

## CERTIFICATE OF NON-CONFERENCE

I certify that I made no attempt to confer with the Appellant, Linda S. Nowlin, through her counsel of record, Mr. David Nowlin, about the merits of this motion or whether Appellant opposed this motion. I believe that to have made such an attempt would have been disrespectful to the Appellant.

*/s/Robby Abarca*
Robby P. Abarca