

# Fourth Court of Appeals
## San Antonio, Texas

July 24, 2018

No. 04-18-00344-CV

John B. **URBAHNS**,
Appellant

v.

**LSREF2 COBALT (TX), LLC**,
Appellee

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI22479
Honorable Richard Price, Judge Presiding

# O R D E R

In the underlying case, the trial court signed a final judgment on June 8, 2017, and an order appointing a receiver and granting turnover relief on November 29, 2017.

On March 6, 2018, Appellant John B. Urbahns filed an "Original Answer to Plaintiff's Verified Post-Judgment Application for Turnover Relief and Appointment of Receiver."

On March 26, 2018, Appellant filed a motion for reconsideration of the turnover order.

On May 2, 2018, the trial court denied Appellant's motion for reconsideration of the turnover order.

On May 23, 2018, Appellant filed a notice of appeal seeking review of the trial court's November 28, 2017 turnover order and May 2, 2018 order denying the motion to reconsider the turnover order.

"[A] turnover order that functions as a mandatory injunction is a final, appealable judgment." *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co., L.P.*, 540 S.W.3d 577, 586 (Tex. 2018); *accord Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 386 (Tex. App.—Austin 2010, pet. denied). A turnover order must be "timely appealed to successfully confer appellate jurisdiction." *Alexander Dubose*, 540 S.W.3d at 582; *accord Bahar*, 330 S.W.3d at 386.

The turnover order was signed on November 29, 2017. Because it appears to be a final, appealable order, and no motion for reconsideration or other motion was filed to extend the appellate deadline for the turnover order, the notice of appeal was due on December 29, 2017. *See* TEX. R. APP. P. 26.1, 26.3; *Bahar*, 330 S.W.3d at 386–87. A notice of appeal with a motion for extension of time to file a notice of appeal was due on January 17, 2018. *See* TEX. R. APP. P. 26.3. *See generally Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) ("[A] motion for extension of time is necessarily implied when an appellant acting in good faith files a [notice of appeal] beyond the time allowed by Rule [26.1], but *within* the fifteen-day period in which the appellant would be entitled to move to extend the filing deadline under Rule [26.3]." (emphasis added)).

The appellate record indicates Appellant's notice of appeal was not timely filed.

We ORDER Appellant to show cause in writing within TEN DAYS of the date of this order why this appeal should not be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Verburgt*, 959 S.W.2d at 617 ("[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction.").

If Appellant fails to respond as ordered, this appeal will be dismissed without further notice. *See* TEX. R. APP. P. 42.3(c).

Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 24th day of July, 2018.

KEITH E. HOTTLE,
Clerk of Court