# NO. 12-21-00030-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| **WEIR BROTHERS CONTRACTING, LLC AND ZACHRY WEIR, APPELLANTS** | § | **APPEAL FROM THE 4TH** |
| | § | **JUDICIAL DISTRICT COURT** |
| **V.** | | |
| **VELVIN OIL COMPANY, LLC, APPELLEE** | § | **RUSK COUNTY, TEXAS** |

*MEMORANDUM OPINION*
*PER CURIAM*

Weir Brothers Contracting, L.L.C. and Zachry Weir (collectively Weir) filed a notice of appeal from an order appointing a receiver and to compel discovery.

Appellate courts have "exercised jurisdiction over the post-judgment appointment of a receiver when that appointment was made pursuant to the turnover statute." ***Bahar v. Lyon Fin. Servs., Inc.***, 330 S.W.3d 379, 385 (Tex. App.—Austin 2010, pet. denied). Generally, a notice of appeal must be filed within thirty days after a judgment is signed, or within ninety days after the judgment is signed if any party timely filed a motion for new trial, motion to modify the judgment, motion to reinstate, or a request for findings of facts and conclusions of law when such are required or could be properly considered. TEX. R. APP. P. 26.1(a). The trial court's order is dated December 21, 2020. Weir did not timely file a post judgment motion; thus, the notice of appeal was due on or before January 20, 2021. Weir filed a notice of appeal on February 24.

On March 9, this Court notified Weir that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.1, 26.3. We informed Appellant that the appeal would be

1

dismissed unless the information was amended on or before March 19 to show this Court's jurisdiction. In response, Weir maintains that notice of the order was never served and they did not become aware of the order until January 25; thus, Weir maintains that the deadline for filing the notice of appeal began running from January 25 under Texas Rule of Civil Procedure 306a.

If within twenty days after a judgment or other appealable order is signed, an adversely affected party or its attorney has neither received the notice required by Rule 306a(3) nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in Rule 306a(1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed. TEX. R. CIV. P. 306a(4). To establish the application of Rule 306a(4), the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed. TEX. R. CIV. P. 306a(5). Compliance with Rule 306a(5)'s requirements is jurisdictional. ***Carney v. Holder***, No. 12-13-00024-CV, 2014 WL 3939915, at *2 (Tex. App.—Tyler Aug. 13, 2014, no pet.) (mem. op.).

On February 24, Weir filed a verified Rule 306a(4) motion with the trial court. However, Weir has not provided any order from the trial court establishing the date Weir received notice or acquired actual knowledge of the order. *See* TEX. R. APP. P. 4.2(c) (after hearing motion, trial court must sign written order finding date when party or party's attorney first received or acquired actual knowledge that judgment or order was signed). Therefore, Weir has not shown the jurisdiction of this Court. *See **Enriquez v. Livingston***, No. 12-15-00225-CV, 2016 WL 234984 (Tex. App.—Tyler Jan. 20, 2016, no pet.) (mem. op.) (per curiam) (dismissing appeal for want of jurisdiction where appellant failed to provide order establishing date he received notice or acquired actual knowledge of judgment). Because this court is not authorized to extend the time for perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3, the appeal is ***dismissed for want of jurisdiction***.[1] *See* TEX. R. APP. P. 42.3(a). Opinion delivered April 7, 2021.

---

[1] Appellee, Velvin Oil Company, L.L.C., also filed a motion to dismiss the appeal as untimely filed. Because we lack jurisdiction over the appeal without a trial court order under Rule 306a(5), we need not take any action on Velvin's motion. *See* TEX. R. APP. P. 4.2(c).

*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 7, 2021**

**NO. 12-21-00030-CV**

**WEIR BROTHERS CONTRACTING, LLC AND ZACHRY WEIR,**
Appellants
V.
**VELVIN OIL COMPANY, LLC,**
Appellee

Appeal from the 4th District Court
of Rusk County, Texas (Tr.Ct.No. 2018-100)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*