

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00012-CV

---

KATRINA P. PETRINI, APPELLANT

V.

SCOTT SIMON AND SIMON GROUP CONSULTING, INC., APPELLEES

---

On Appeal from the 207th District Court
Comal County, Texas[1]
Trial Court No. C2024-0968B, Honorable Tracie Wright-Reneau, Presiding

June 2, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Katrina P. Petrini, appeals from the trial court's orders granting Appellees Scott Simon and Simon Group Consulting, Inc.'s (SGC) special appearance and motion to dismiss under Texas Rule of Civil Procedure 91a, as well as the order

---

[1] This matter was transferred from the Third Court of Appeals in Austin pursuant to a docket equalization order of the Supreme Court of Texas. We apply the Third Court's precedent to the extent it conflicts with our own. *See* TEX. R. APP. P. 41.3.

compelling post-judgment discovery and awarding attorney's fees. We affirm the order sustaining the special appearance. We dismiss for want of jurisdiction the portion of the appeal challenging the order compelling discovery.

## BACKGROUND

SGC, a California-based corporation, obtained a default judgment against Appellant in California superior court on a counterclaim arising from her prior employment.[2] Appellant had originally worked for SGC in California but relocated to Texas and worked remotely.

SGC domesticated its California judgment in Comal County, Texas, district court in May 2024. Appellant responded with a counterpetition asserting claims for violation of civil rights under 42 U.S.C. § 1983, malicious prosecution, and extrinsic fraud. SGC filed a special appearance challenging personal jurisdiction together with an alternative Rule 91a motion to dismiss. After amendment and briefing, the trial court sustained the special appearance, granted the Rule 91a motion, compelled post-judgment discovery, and awarded attorney's fees. Appellant presents fourteen issues on appeal wherein she challenges three categories of rulings: (1) the special appearance; (2) the Rule 91a order dismissing her claims; and (3) the order compelling discovery.

---

[2] SGC alleged Appellant was liable to it under CAL PENAL CODE ANN. § 502, which provides a civil remedy for accessing, altering, destroying, and downloading digital data without authorization. SGC also pursued other causes of action, including breach of the duty of loyalty, conversion, intentional interference with prospective economic relations, intentional interference with contractual relations, unjust enrichment, and unfair competition.

ANALYSIS

A. Special Appearance

Texas Rule of Civil Procedure 120a allows a nonresident defendant to challenge personal jurisdiction by special appearance. *See* TEX. R. CIV. P. 120a(1). Texas courts may exercise personal jurisdiction over a nonresident when the long-arm statute authorizes it and the exercise is consistent with due process. TEX. CIV. PRAC. & REM. CODE § 17.042; *State v. Volkswagen Aktiengesellschaft*, 669 S.W.3d 399, 412 (Tex. 2023). The Texas long-arm statute provides for personal jurisdiction over a nonresident if the party:

> (1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state; (2) commits a tort in whole or in part in this state; or (3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.

TEX. CIV. PRAC. & REM. CODE § 17.042. Due process requires sufficient minimum contacts with Texas so that suit does not offend traditional notions of fair play and substantial justice. *Id.*[3]

The main thrust of Appellant's complaint is that Texas jurisdiction exists over Appellees because they domesticated the California judgment in Texas. In response to the special appearance she alleged that Appellees committed a tort in Texas, owned real

---

[3] Whether a court possesses personal jurisdiction over a nonresident defendant is a question of law we review de novo. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007). When, as here, the trial court does not issue findings of fact and conclusions of law, we infer all facts necessary to support the judgment and supported by the evidence. *Id.*

property in Texas through a subsidiary, and employed her remotely while she resided in Texas.

A nonresident defendant's forum-state contacts may give rise to two types of personal jurisdiction: general and special. *Moki Mac River Exped.*, 221 S.W.3d at 575. General jurisdiction requires contacts so continuous and systematic that the defendant is essentially at home in the forum. *Volkswagen*, 669 S.W.3d at 412. None of Appellant's allegations satisfy that standard. Remote employment of a Texas resident and prior ownership of Texas real property do not render California residents and entities at home in Texas. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 798 (Tex. 2002).

Specific jurisdiction requires that the defendant purposefully availed itself of the privilege of conducting activities in Texas and that the plaintiff's claims arise out of or relate to those contacts. *Volkswagen*, 669 S.W.3d at 412–13. The operative facts of Appellant's claims concern conduct that occurred in California before domestication: the filing of suit and entry of default judgment on the counterclaim for misappropriation of confidential information.

Domestication of a foreign judgment and post-judgment discovery constitute purposeful availment for claims arising from the enforcement process itself, but they do not confer specific jurisdiction over claims that predate and are unrelated to that process. *See Waterman Steamship Corp. v. Ruiz*, 355 S.W.3d 387, 422 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (holding that employment of a Texas resident alone is not

4

necessarily sufficient to establish specific jurisdiction over the non-resident defendant). Moreover, allegedly directing a tort at a Texas resident is insufficient to confer personal jurisdiction. *See Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 565 (Tex. 2018) ("[W]e have explicitly rejected an approach to specific jurisdiction that turns upon where a defendant 'directed a tort' rather than on the defendant's contacts." (citing *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 790–92 (Tex. 2005)); *TV Azteca, S.A.B. de C.V. v. Ruiz*, 490 S.W.3d 29, 43 (Tex. 2016); *Marchand*, 83 S.W.3d at 796–97 (no specific jurisdiction where alleged misrepresentations occurred outside Texas). Finally, we note that ownership of Texas real property likewise supplies no basis for specific jurisdiction when the claims do not relate to that property. *Booth v. Kontomitras*, 485 S.W.3d 461, 480 (Tex. App.—Beaumont 2016, no pet.).

Appellant also complains that procedural defects in Appellees' special appearance prevented the court from granting it. For example, she points out that Appellees' initial special appearance lacked verification as required by rule 120a. However, Appellees amended their special appearance to correct any deficiencies before they made any general appearance. *See Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998) (permitting amendment of special appearance to add verification any time before general appearance is made). Further, domestication of the judgment before Appellant asserted any claims against Appellees did not constitute a general appearance. *See* TEX. R. CIV. P. 120a; *Exito Elecs. Co., Ltd. v. Trejo*, 142 S.W.3d 302, 305 (Tex. 2004) (Rule 11 agreement to extend filing deadlines did not constitute "a plea, pleading, or motion" and thus was not a general appearance); *Ruiz*, 355 S.W.3d at 422 ([V]oluntarily filing suit in a

5

particular jurisdiction is purposeful availment of the jurisdiction's facilities and can subject the party to personal jurisdiction in another lawsuit only when the lawsuits arise from the same general transaction."). The amended special appearance was filed in advance of the hearing and afforded Appellant notice and an opportunity to respond.

The trial court therefore correctly sustained the special appearance for lack of personal jurisdiction.

B. Rule 91a Dismissal

Because we affirm the order sustaining the special appearance, it is unnecessary to review Appellant's complaints regarding the alternative Rule 91a dismissal.[4]

C. Order Compelling Discovery

Finally, we briefly consider Appellant's complaints regarding the trial court's order compelling her to produce post-judgment discovery.[5] Post-judgment orders compelling discovery are not final, appealable orders. *Bahar v. Lyon Fin. Services, Inc.*, 330 S.W.3d 379, 388 (Tex. App.—Austin 2010, pet. denied). We therefore lack jurisdiction to review the order compelling Appellant to respond to post-judgment discovery requests.

---

[4] We take no position on the trial court's authority to award Rule 91a attorney's fees to Appellees in light of its grant of the special appearance. Appellant makes no such challenge on appeal.

[5] Appellant does not challenge the reasonableness or necessity of the attorney's fees.

6

## CONCLUSION

We affirm the trial court's orders sustaining Appellees' special appearance.  We dismiss for want of jurisdiction the portion of the appeal challenging the order compelling post-judgment discovery.


Lawrence M. Doss
Justice