MATBON, INC. and William Edgar Hutton, Appellants,

v.

Dennis and Debra GRIES, Appellees.

No. 11–06–00259–CV.

Court of Appeals of Texas, Eastland.

Jan. 15, 2009.

Rehearing Overruled April 30, 2009.

Raul A. Gonzalez, Law Office of Raul A. Gonzalez, Austin, D. Patrick Long, Robert A. Hawkins, Shana L. Burleson, Patton Boggs, L.L.P., Dallas, Kenneth N. Tarlton, Mineral Wells, for appellants.

Thomas M. Michel, Griffith, Jay & Michel, LLP, Brandon L. Boehme, Boehme & Moore, LLP, Randall D. Moore, Fort Worth, for appellees.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

TERRY McCALL, Justice.

This appeal is a companion case to Cause No. 11–06–00258–CV. Both appeals arise from an automobile accident. Dennis and Debra Gries, filed suit against appellants, Matbon, Inc. and William Edgar Hutton, for injuries they received in a collision that occurred on May 11, 2005, on U.S. Highway 281 in Palo Pinto County. The appeal in Cause No. 11–06–00258–CV involves a review of the trial court's judgment addressing the parties' respective liabilities and damages after a jury trial on the merits. The instant appeal arises from the trial court's postjudgment order imposing sanctions against counsel for Matbon. We dismiss Cause No. 11–06–00259–CV for want of jurisdiction.

### Background Facts

Appellees filed a motion seeking the imposition of sanctions against counsel for Matbon for activities that occurred prior to trial. The trial court considered the mo-

tion at a posttrial hearing held on August 28, 2006. The trial court subsequently entered an order on September 21, 2006, that imposed sanctions in the amount of $9,218 solely against "Patton Boggs, counsel for Defendant Matbon, Inc."

Appellants, Matbon and Hutton, filed a single notice of appeal in Cause No. 11–06–00258–CV and the instant appeal. The notice of appeal provides as follows:

> In accordance with Texas Rules of Appellate Procedure 25.1(a) and 26.1(a), Defendants Matbon, Inc. and William Edgar Hutton file this Notice of Appeal appealing the Final Judgment signed on June 20, 2006, and the Order on Plaintiff's Motions for Sanctions signed on September 21, 2006, in the above-captioned cause. The Defendants' Motion for New Trial or, Alternatively, Motion for Remittitur was denied by the Court on August 30, 2006. This appeal is taken to the Eleventh Court of Appeals in Eastland, Texas.

### Analysis

■ As noted in the preceding section, the notice of appeal does not list Patton Boggs, LLP, as an appellant. We recently addressed a similar situation in *Williams v. Colthurst,* 253 S.W.3d 353, 367 (Tex. App.-Eastland 2008, no pet.). *Colthurst* also involved the appeal of an order imposing sanctions solely against the appellants' attorney. The attorney in *Colthurst* did not file a notice of appeal. We held that the appellants lacked standing to challenge the sanctions order on appeal because the appellants were not harmed by the imposition of sanctions against their attorney. *Id.* We cited *Torrington Co. v. Stutzman,* 46 S.W.3d 829, 843 (Tex.2000), and *Texas Workers' Compensation Insurance Fund v. Mandlbauer,* 988 S.W.2d 750, 752 (Tex. 1999), for the proposition that "Texas courts have long held that appealing par-

ties may not complain of errors that do not injuriously affect them or that merely affect the rights of others." We also noted that the supreme court has expressly reserved the question at issue for future consideration in *Braden v. Downey,* 811 S.W.2d 922, 928 n. 6 (Tex.1991) ("We express no opinion on the question whether, in order to seek review of sanctions by appeal, an attorney must perfect a separate appeal apart from that perfected by his client.").

■ Standing is a component of subject-matter jurisdiction. *Brown v. Todd,* 53 S.W.3d 297, 305 (Tex.2001). Subject-matter jurisdiction cannot be waived or conferred by agreement, and it must be considered by a court sua sponte. *Univ. of Tex. Sw. Med. Ctr. of Dallas v. Loutzenhiser,* 140 S.W.3d 351, 358 (Tex.2004). "A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal." Tex.R.App. P. 25.1(c). Under our holding in *Colthurst* and the requirements of the Rules of Appellate Procedure, we have no jurisdiction to consider the imposition of sanctions against Patton Boggs, LLP, because it has not filed or joined in a timely notice of appeal.

### This Court's Ruling

The appeal is dismissed for want of jurisdiction.