# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00394-CV

**Lyzenthia White, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-FM-09-001992, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This appeal was brought in the name of Lyzenthia White, who was a defendant in a parental-termination suit brought by the Texas Department of Family and Protective Services. The Department ultimately dismissed the suit against White. Although the controversy directly involving White is now moot, an attorney who was appointed to represent her in the termination proceeding, Michael Simpson, has filed a notice of appeal in White's name complaining that a district court order denying recovery of $337.50 in attorney's fees amounted to the imposition of sanctions against him without proper notice or justification.

The fees in question were allegedly incurred in connection with two court appearances in which Simpson sought to obtain for White a free reporter's record from a "chapter 262" hearing that occurred during the pendency of the suit. *See* Tex. Fam. Code Ann. § 262.201 (West 2008). Following the hearing, R.M.'s alleged father, whose parental rights were also at stake, requested a free reporter's record via letter to Judge Darlene Byrne, who presides over parental-termination cases in Travis County. Judge Byrne denied the request. Thereafter,

White's attorney, Simpson, filed a "Motion for Further Orders" in which he also requested a free reporter's record of the chapter 262 hearing. He set that motion for a hearing on July 19, 2010. As it happened, Judge Byrne was on vacation on the day of the hearing, so the motion was heard by associate judge Deborah Richardson, who denied it. *See id.* § 201.204 (in a child-protection case, an "associate judge may render and sign any pretrial order") (West 2008). That same day, Simpson, believing that he also needed the signature of the referring district court judge on the order, *cf. id.*, took the order to the judge sitting as the district court duty judge that day, visiting judge Jon Wisser, who signed the order. However, on the following day, Simpson, undeterred, took the same Motion for Further Orders to the uncontested docket. The judge presiding over the uncontested docket that day happened to be Judge Wisser, who, evidently not connecting the motion with the order of Judge Richardson that he had signed on the preceding day, signed an order granting the motion.

Two days later, Judge Byrne, having discovered the inconsistent rulings that Simpson had obtained, set the Motion for Further Orders for de novo reconsideration at a hearing "scheduled sua sponte by the Court" on August 4, 2010. Following the hearing, Judge Byrne vacated Judge Wisser's order granting the Motion for Further Orders and issued an order denying it. Judge Byrne further ordered that "Mr. Simpson shall not submit for reimbursement and shall not be reimbursed for any attorney fees associated with time spent either preparing for or appearing in the hearing with Judge Jon Wisser on July 20, 2010 or the hearing with Judge Darlene Byrne on August 4, 2010." Simpson claims that he incurred a total of $337.50 in fees in connection with the July 20 and August 4 hearings, and that Judge Byrne abused her discretion in imposing what amounted to sanctions without proper notice or justification.

The Department has moved to dismiss this appeal on the grounds that White, who is the sole appellant listed in the notice of appeal, has no justiciable interest in the current controversy

and that the only person with an interest, Simpson, is not a party to the appeal. We agree with the Department that we lack jurisdiction. White, the sole appellant, lacks standing to complain about an attorney's fee or "sanctions" dispute implicating only the interests of her attorney. *See Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 388-89 (Tex. App.—Austin 2010, pet. denied) (holding that a litigant lacked standing to challenge sanctions imposed against only the party's attorney). And Simpson did not join White's appeal or file a notice of appeal on his own behalf. *See* Tex. R. App. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal."); *Matbon, Inc. v. Gries*, 287 S.W.3d 739, 740 (Tex. App.—Eastland 2009, no pet.) (dismissing appeal of attorney sanctions for want of jurisdiction because the party lacked standing to appeal and the notice of appeal did not list attorney as appellant); *Bahar v. Baumann*, No. 03-09-00691-CV, 2011 Tex. App. LEXIS 7703, at * 4-5 (Tex. App.—Austin, Sept. 23, 2011, pet. denied) (mem. op.) (same). Accordingly, we lack jurisdiction over this appeal and dismiss it for want of jurisdiction. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (stating that timely filing of notice of appeal is jurisdictional prerequisite).

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Dismissed for Want of Jurisdiction

Filed:   February 22, 2012