**Opinion issued October 6, 2015**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-14-00599-CV

—————————————

**ST. MINA AUTO SALES, INC. AND
VICTOR S. ELGOHARY, Appellants**

**V.**

**NAJWA AL-MUASHER D/B/A AMERICAN AUTO
SALES AND D/B/A AMERICAN AUTO SALES 1.1, Appellee**

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Case No. 2013-12024**

---

### OPINION CONCURRING IN PART AND DISSENTING IN PART

I join the majority in its holding that the trial court did not err in denying the

new-trial motion of appellant, St. Mina Auto Sales, Inc. ("Mina"). I also join in

the majority's denial of the request for appellate sanctions[1] by appellee, Najwa Al-Muasher d/b/a American Auto Sales and d/b/a American Auto Sales 1.1 ("AAS"). However, because this Court should dismiss the appeal of appellant, Victor S. Elgohary, and the majority disregards binding precedent[2] in concluding otherwise, I respectfully dissent from the portion of this Court's judgment affirming the trial court's award of sanctions against Elgohary.

In his appeal, Elgohary, Mina's trial and appellate counsel, contends that the trial court erred in sanctioning him and awarding AAS $450 for his filing of an unauthorized and altered version of an "Agreed Joint Motion to Dismiss" and accompanying order.

Texas courts recognize that nonparties have a right to appeal from a judgment if they clearly have an interest in the judgment and are bound by it. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000) (stating person whose interest prejudiced by error in judgment has standing to appeal); *In re Evans*, 130 S.W.3d 472, 478–79 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding) (holding nonparty with interest in judgment had right to appeal); *Jernigan v.*

---

[1] *See* TEX. R. APP. P. 45 (allowing appellate court to award "just damages" for frivolous appeals in civil cases).

[2] *See Crofton v. Amoco Chem. Co.*, No. 01-01-00526-CV, 2003 WL 21297588 (Tex. App.—Houston [1st Dist.] May 30, 2003, pet. denied) (mem. op.).

*Jernigan*, 677 S.W.2d 137, 140 (Tex. App.—Dallas 1984, no writ) (holding nonparty bound by judgment entitled to appeal).

However, in addition to standing, any party "seek[ing] to alter the trial court's judgment or other appealable order" must also timely file a notice of appeal. TEX. R. APP. P. 25.1(c). Generally, if a party fails to timely file a notice of appeal, we do not have jurisdiction to address the merits of his appeal. *See Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737–38 (Tex. 2001); *Brashear v. Victoria Gardens of McKinney*, L.L.C., 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite).

Here, the trial court, in its June 6, 2014 judgment, sanctioned Elgohary and ordered him to "pay . . . $450.00 in Attorney['s] fees within thirty (30) days." Thus, Elgohary has an interest in the trial court's judgment and standing to challenge the imposition of sanctions against him. However, Elgohary's notice of appeal was due on September 4, 2014. *See* TEX. R. APP. P. 26.1(a) (notice of appeal must be filed within ninety days after judgment signed if any party timely files motion to modify judgment or motion for new trial), (d) ("[I]f any party timely files a notice of appeal, another party may file a notice of appeal within the applicable period stated above or 14 days after the first filed notice of appeal, whichever is later.").

3

On July 18, 2014, Mina, Elgohary's client and a party to the trial court's judgment, timely filed its notice of appeal, naming itself as the only appellant in the instant case and seeking review of the trial court's "judgment signed . . . on 14 May 2014[3] and the order modifying that judgment on 6 June 2014."[4] *See* TEX. R. APP. P. 26.1(a); *cf. Crofton v. Amoco Chem. Co.*, No. 01-01-00526-CV, 2003 WL 21297588, at *3 (Tex. App.—Houston [1st Dist.] May 30, 2003, pet. denied) (mem. op.) (original notice of appeal did not include all parties who sought to challenge trial court's judgment); *see also Bahar v. Baumann*, No. 03-09-00691-CV, 2011 WL 4424294, at *2 (Tex. App.—Austin Sept. 23, 2011, pet. denied) (mem. op.) (original notice of appeal named only client as party filing notice and not client's attorneys who had been sanctioned).

Subsequently, on October 6, 2014, Elgohary filed in this Court a purported "amended" notice of appeal, which for the *first time* named him as an appellant and stated that he sought to "appeal[] from th[e] [trial court's June 6, 2014] order." *See* TEX. R. APP. P. 25.1(g) ("An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court . . . ."); *cf.*

---

3     Elgohary did not have an interest in the trial court's May 14, 2014 judgment, which "DISMISSED with prejudice" Mina's claims against AAS and AAS's claims again Mina and Cinco Car Care, Inc.

4     The original docketing statement filed with this Court on July 28, 2014 by Mina also named it as the only appellant. *Cf. In re Estate of Curtis*, 465 S.W.3d 357, 365–66 (Tex. App.—Texarkana 2015, pet. dism'd); *see also* TEX. R. APP. P. 32.1 (addressing docketing statements in civil cases).

4

*Crofton*, 2003 WL 21297588, at \*3 ("[A]ppellants filed a[n] . . . amended notice of appeal seeking to . . . add Coy Wilson as an appellant . . . after the appellate deadline for any additional parties to file a notice of appeal from the trial court's judgment . . . ." (internal quotations omitted)); *see also Bahar*, 2011 WL 4424294, at \*2 (attorneys first named as appellants in amended notice of appeal filed "roughly eight months" after notice of appeal deadline);.

Notably, an attorney who wishes to challenge a trial court's sanctions order against him must either expressly join in his client's notice of appeal or separately file his own. *See* TEX. R. APP. P. 25.1(c); *Bahar*, 2011 WL 4424294, at \*2; *Sluder v. Ogden*, No. 03-10-00280-CV, 2011 WL 116058, at \*2 (Tex. App.—Austin Jan. 13, 2011, pet. denied) (mem. op.); *Niera v. Frost Nat'l Bank*, No. 04–09–00224–CV, 2010 WL 816191, at \*1–2 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.); *Matbon, Inc. v. Gries*, 287 S.W.3d 739, 739–40 (Tex. App.—Eastland 2009, no pet.); *see also Benavides v. Knapp Chevrolet, Inc.*, No. 01-08-00212-CV, 2009 WL 349813, at \*3 (Tex. App.—Houston [1st Dist.] Feb. 12, 2009, no pet.) (mem. op.) (declining to review sanctions order against attorney who did not join client's notice of appeal or file his own).

Why? Because a client simply does not have standing to appeal sanctions imposed against his attorney. *See Boyaki v. John O'Quinn & Assocs., PLLC*, No. 01-12-00984-CV, 2014 WL 4855021, at \*19 (Tex. App.—Houston [1st Dist.]

5

Sept. 30, 2014, pet. filed) (mem. op.); *Sluder*, 2011 WL 116058, at \*2; *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 388–89 (Tex. App.—Austin 2010, pet. denied); *Niera*, 2010 WL 816191, at \*1–2; *Matbon*, 287 S.W.3d at 740; *see also Torrington*, 46 S.W.3d at 843 ("Texas courts have long held that an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others."); *Benavides*, 2009 WL 349813, at \*3 (declining to review sanctions ordered against attorney because only client filed notice of appeal).

Here, Mina timely filed its notice of appeal on July 18, 2014. *See* TEX. R. APP. P. 26.1(a). However, Mina is the only appellant named in that notice of appeal, and it had no standing to challenge the imposition of sanctions against its attorney, Elgohary. *See Boyaki*, 2014 WL 4855021, at \*19; *Sluder*, 2011 WL 116058, at \*2; *Lyon Fin. Servs.*, 330 S.W.3d at 388–89; *Niera*, 2010 WL 816191, at \*1–2; *Matbon*, 287 S.W.3d at 740; *see also Torrington*, 46 S.W.3d at 843; *Benavides*, 2009 WL 349813, at \*3. In other words, Elgohary cannot rely on Mina's July 18, 2014 original notice of appeal to establish that he timely perfected his appeal. *See* TEX. R. APP. P. 25.1(a) ("An appeal is perfected when a written notice of appeal is filed . . . ."); *Bahar*, 2011 WL 4424294, at \*2–3 (rejecting argument attorneys "named as appellants in a timely filed notice of appeal" because "'Amended Notice of Appeal' . . . related back to the filing date of

6

[client's original] notice of appeal"); *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex. 1993) ("[A] lack of standing deprives a court of subject-matter jurisdiction because standing is an element of such jurisdiction."); *S. Cnty. Mut. Ins. Co. v. Powell*, 736 S.W.2d 745, 748 (Tex. App.—Houston [14th Dist.] 1987, orig. proceeding) (motion has no legal effect if filed by person or entity without standing).

Further, Elgohary cannot legitimately rely upon Texas Rule of Appellate Procedure 25.1(g) to "amend[]" Mina's original notice of appeal and add himself as an appellant in this case after the deadline had passed for him to file his notice of appeal. *See* TEX. R. APP. P. 25.1(g) (governing amending notice of appeal), 26.1(a), (d) (proscribing deadlines for filing notice of appeal).

In *Crofton*, which constitutes binding precedent,[5] this Court addressed the issue of whether a party, not named in an original notice of appeal, may subsequently be added as an appellant by way of an amended notice of appeal filed after the deadline for any additional parties to file their notices of appeal. 2003

---

[5]     *See* TEX. R. APP. P. 47.7 cmt. ("All opinions and memorandum opinions in civil cases issued after the 2003 amendment have precedential value."); *R.J. Suarez Enters. Inc. v. PNYX L.P.*, 380 S.W.3d 238, 243 n. 2 (Tex. App.—Dallas 2012, no pet.) (same); *see also Chase Home Fin., L.L.C. v. Cal W. Reconveyance Corp.*, 309 S.W.3d 619, 630 (Tex. App.—Houston [14th Dist.] 2010, no pet.) ("Absent a decision from a higher court or this court sitting en banc that is on point and contrary to the prior panel decision or an intervening and material change in the statutory law, this court is bound by the prior holding of another panel of this court.").

WL 21297588, at *3; *see also* TEX. R. APP. P. 26.1(a), (d). There, Coy Wilson, a plaintiff in the trial court and a party to the trial court's no-evidence summary judgment, had been "omitted" from the appellants' original notice of appeal. *Crofton*, 2003 WL 21297588, at *3. The appellants then filed an "amended" notice of appeal months later, "seeking 'to correct a clerical defect or omission' and add . . . Wilson as an appellant." *Id.*; *see also* TEX. R. APP. P. 25.1(g) (allowing amendment of notice of appeal to "correct[] a defect or omission in an earlier filed notice"). We, however, held that because the "amended notice of appeal was, in effect, . . . Wilson's first notice of appeal from the trial court's judgment[,] . . . it was untimely filed." *Crofton*, 2003 WL 21297588, at *3.

In reaching our holding, we explained that the "appellants' original notice of appeal was filed timely and included all named appellants save . . . Wilson, while [the] . . . amended notice of appeal was filed well *after the appellate deadline* for any additional parties to file a notice of appeal from the trial court's judgment." *Id.* (emphasis added). And, although the appellants' attorney explained that Wilson's name was "inadvertently" and "mistakenly" "omitted" from the original notice of appeal, we concluded that such an "omission" was not the type of "'defect' susceptible to correction by amendment" under rule 25.1(g).[6] *Id.* (internal

---

[6] At the time this Court decided *Crofton*, Texas Rule of Appellate Procedure 25.1(f), rather than rule 25.1(g), contained the provision allowing for amendment

8

quotations omitted).  Because the "amended notice of appeal was, in effect, . . . Wilson's first notice of appeal" and "it was untimely filed," we held that we had no jurisdiction to consider the merits of Wilson's appeal.  *Id.*; *see also Guerrero v. Mem'l Turkey Creek, Ltd.*, No. 01-09-00237-CV, 2011 WL 3820841, at *2 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, no pet.) (mem. op.) (dismissing appeal where amended notice of appeal was filed after notice of appeal deadline and was actually party's first notice of appeal because original notice of appeal was filed by another appellant, a layperson, who could not act on party's behalf).

Here, like Wilson, Elgohary did not file his own separate notice of appeal, and he is not mentioned in Mina's original notice of appeal, which was filed on July 18, 2014.  *See Crofton*, 2003 WL 21297588, at *3.  And, although Mina's original notice of appeal in this case was timely filed, Elgohary's "amended" notice of appeal was filed on October 6, 2014, well after the deadline for any additional parties to file their notices of appeal from the trial court's judgment.  *See id.*; *see also* TEX. R. APP. P. 26.1(a), (d).  Moreover, in this case, Elgohary does not assert that his name was "inadvertently omitted or mistakenly omitted from the original notice of appeal," as did Wilson.  *See Crofton*, 2003 WL 21297588, at *3 (internal quotations omitted); *see also* TEX. R. APP. P. 25.1(g) (explaining amended

---

of a notice of appeal.  *See* 2003 WL 21297588, at *3 (citing TEX. R. APP. P. 25.1(f)).

notice of appeal "may be filed" to "correct[] a defect or omission in an earlier filed notice"). However, even had he done so, this Court has held that such a "defect or omission" is not the type that is "susceptible to correction by amendment" under rule 25.1(g). *Crofton*, 2003 WL 21297588, at *3 (internal quotations omitted). Thus, as we concluded in *Crofton*, Elgohary's "amended" notice of appeal filed in the instate case was, in effect, his first notice of appeal from the trial court's judgment, and it was untimely.[7] *See id.*

Accordingly, I would hold, as we did in *Crofton*, that because the "amended" notice of appeal filed on October 6, 2014 was actually Elgohary's first notice of appeal, "it was untimely filed." *See* TEX. R. APP. P. 26.1(a), (d); *Crofton*, 2003 WL 21297588, at *3. Moreover, because this Court has a duty to "act appropriately," pursuant to the Texas Rules of Appellate Procedure, I would dismiss Elgohary's appeal for his failure to comply with a requirement of the rules. *See* TEX. R. APP. P. 25.1(b), 42.3(c); *see also Wagner & Brown*, 58 S.W.3d at 737; *Charette v. Fitzgerald*, 213 S.W.3d 505, 509 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (when notice of appeal untimely, appellate court must dismiss appeal).

---

[7] The majority emphasizes the fact that the appellees in *Crofton* filed a motion to strike the untimely "amended" notice of appeal, which included Wilson, whereas here, no party has moved to strike Elgohary's late-filed notice of appeal. However, this distinction is of no consequence because we have a duty to "act appropriately" and "dismiss[]" an appeal when a party has failed to comply with "the[] [appellate] rules." TEX. R. APP. P. 25.1(b); *see also* TEX. R. APP. P. 42.3(c).

10

In reaching the opposite conclusion, however, the majority disregards this Court's precedent, as well as persuasive authority from other appellate courts. And it misapplies Texas Rule of Appellate Procedure 25.1(b) and Texas Supreme Court authority.

In support of its decision to address the merits of Elgohary's sanctions issue, the majority relies primarily on rule 25.1(b), which provides:

> The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from. Any party's failure to take any other step required by these rules, including the failure of another party to perfect an appeal under (c), does not deprive the appellate court of jurisdiction *but is ground only for the appellate court to act appropriately, including dismissing the appeal*.

TEX. R. APP. P. 25.1(b) (emphasis added). Based on the first sentence of rule 25.1(b), the majority reasons that because Mina's original July 18, 2014 notice of appeal "conferred appellate jurisdiction over all of the parties to the trial court's order, including Elgohary," the fact that Elgohary failed to timely file his own notice of appeal is of no moment. However, the majority's reliance on only the first sentence of rule 25.1(b) is misguided. Rule 25.1(b) does recognize the fact that once one party files a notice of appeal it invokes the court's jurisdiction "over all parties to the trial court's judgment," but the rule simply does not relieve other parties of their obligation to timely file their own notice of appeal. *See id.*

11

Indeed, any party "who seeks to alter [a] trial court's judgment or other appealable order *must* file a notice of appeal" and that notice of appeal *must* be timely, otherwise an appellate court *must* dismiss the party's appeal. TEX. R. APP. P. 25.1(b), (c) (emphasis added), 42.3; *Wagner & Brown*, 58 S.W.3d at 737; *Calce v. Dorado Expl., Inc.*, 309 S.W.3d 719, 730 (Tex. App.—Dallas 2010, no pet.); *Charette*, 213 S.W.3d at 509. And the timely filing of a notice of appeal by one party, does not negate the requirement that other parties, who also "seek[] to alter the trial court's judgment," must similarly timely file notices of appeal.[8] *See* TEX. R. APP. P. 25.1(c). This is precisely why the appellate rules provide explicit filing deadlines for those other parties to file their own notices of appeal to challenge the trial court's judgment. *See* TEX. R. APP. P. 26.1(d) ("[I]f any party timely files a notice of appeal, *another party* may file a notice of appeal within the applicable [time] period [provided in section (a)] or 14 days after the first filed notice of appeal, whichever is later." (emphasis added)).

The majority's reasoning and holding renders rules 25.1(b), 25.1(c), and 26.1(d) meaningless after one party timely files a notice of appeal. If only one notice of appeal, timely filed by a single appellant, is sufficient for the Court to review each party's appellate issues, regardless of whether each has timely filed a

---

[8] Of course, "[p]arties whose interests are aligned may file a joint notice of appeal," and a notice of appeal may not be required where a party does not seek "more favorable relief" than the trial court granted. *See* TEX. R. APP. P. 25.1(c).

12

notice of appeal, then why do the appellate rules provide specific deadlines by which additional parties are required to file their notices? *See id.* Contrary to the majority's reasoning and holding, the second sentence of rule 25.1(b) recognizes that appellate courts have a duty to "act appropriately" and "dismiss[]" an appeal when a party fails to timely perfect its appeal. *See* TEX. R. APP. P. 25.1(b).

The circumstances presented here are not unlike those presented where an appellee, in addition to an appellant, seeks to challenge a trial court's judgment. For instance, in *Charette*, a residential landlord-tenant dispute, the tenants brought suit for wrongful eviction, unauthorized seizure of personal property, wrongful lockout, and breach of contract. 213 S.W.3d at 507. After the trial court found in favor of the tenants, the landlords timely filed a notice of appeal. *Id.* at 507–09. The tenants, attempting to bring a cross-appeal, filed a notice of appeal as well, but not until a month after it was due. *Id.* at 509; *see also* TEX. R. APP. P. 26.1(a), (d) (providing notice of appeal deadline for "[]other part[ies]"). Because the tenants' notice of appeal was not timely filed, the Fourteenth Court of Appeals held that it "lack[ed] jurisdiction to entertain [the tenants'] issues" and could take no action other than to dismiss their appeal. *Charette*, 213 S.W.3d at 509; *see also Whisenhunt v. Lippincott*, — S.W.3d —, 2015 WL 4735190, at *12 (Tex. App.— Texarkana Aug. 11, 2015, no pet. h.) (appellate court did not have jurisdiction over appellee's cross-appeal because notice of appeal not timely filed, even though

13

appellant had previously timely filed original notice of appeal); *Valerus Compression Servs. v. Reeves Cnty. Appraisal Dist.*, No. 08-13-00366-CV, 2014 WL 645035, at \*1 (Tex. App.—El Paso Feb. 19, 2014, no pet.) (mem. op.) (although appellant's notice of appeal timely filed, cross-appeal dismissed because appellee's notice of cross-appeal not timely filed); *PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 715 (Tex. App.—Dallas 2011, pet. denied) (explaining unless notice of cross-appeal timely filed, court without jurisdiction and dismissal required).

Under the reasoning and holding of the majority in the present case, the tenants' cross-appeal in *Charette* should have been allowed to proceed, despite the untimeliness of the filing of their notice of appeal, because the landlords had timely filed their own notice of appeal. In the majority's view, this is all that is required to review the appellate issues of each party to a trial court's judgment. According to the majority, once "[t]he initial notice of appeal confer[s] appellate jurisdiction over all of the parties to the trial court's order," the fact that another appellant, such as a cross-appellant, does not timely file his notice of appeal simply does not matter.

Not only is the majority's reasoning and holding in conflict with our reasoning and holding in *Crofton*, it also ignores the opinions of our sister appellate courts in cases with facts similar to those presented here. For instance, in

14

*Bahar*, after several discovery disputes, the trial court sanctioned Valerie Thomas Bahar's attorneys. 2011 WL 4424294, at *1. On November 30, 2009, Bahar timely filed a notice of appeal, which listed her as the only appellant. *Id.* Subsequently, on July 12, 2010, her attorneys filed an "Amended Notice of Appeal," which, for the first time, listed them as appellants, in addition to Bahar. *Id.* The attorneys agreed with the Austin Court of Appeals that in order for it to have jurisdiction over their appeal "they had to be named as appellants in a timely filed notice of appeal." *Id.* at *3. They argued, however, "that this requirement was met because the 'Amended Notice of Appeal' filed July 12, 2010 related back to the filing date of Bahar's [original timely filed] notice of appeal" and "the failure of the original notice of appeal to name them as appellants was a simple omission correctable by amendment." *Id.*; *see also* TEX. R. APP. P. 25.1(g) (allowing amendment of notice of appeal). The court disagreed, holding that the attorneys could not "rely on the November 30, 2009 [original] notice of appeal [filed by their client] to establish that they timely perfected their appeal." *Bahar*, 2011 WL 4424292, at *2. In doing so, the court concluded that rule 25.1(g) could not be used to untimely add an additional appellant to a previously timely filed notice of appeal. *Id.* at *3–4. Accordingly, because neither the original notice of appeal, naming Bahar as the only appellant, nor the amended notice of appeal, naming Bahar's attorneys as additional appellants, qualified as a timely notice of

15

appeal for the attorneys, the court had to dismiss the attorneys' appeal and could not address its merits. *Id.* at \*4.

Similarly, and more recently, the Texarkana Court of Appeals addressed the issue of whether a party may be added to an appeal as an appellant by virtue of an amended notice of appeal filed after the notice-of-appeal deadline had passed. *In re Estate of Curtis*, 465 S.W.3d 357, 363–66 (Tex. App.—Texarkana 2015, pet. dism'd). There, the trial court entered a judgment against both Robert Jaeckle and Reunion Ranch Inc. ("Reunion Ranch"), jointly and severally, and both parties sought to appeal. *Id.* at 360–61. Jaeckle timely filed a notice of appeal on April 28, 2014; however, this notice of appeal did not list Reunion Ranch as an appellant. *Id.* at 364. On August 12, 2014, "a first amended joint notice of appeal was filed, naming both Jaeckle and Reunion Ranch as appellants and stating that 'Robert J. Jaeckle timely filed the Notice of Appeal on April 28, 2014[,] so . . . th[e] court has jurisdiction over all the parties to the trial court's judgment.'" *Id.*; *see also* TEX. R. APP. P. 25.1(g) (allowing amendment of notice of appeal).

The Texarkana court noted that, under rule 25.1(c), Reunion Ranch was required to timely file a notice of appeal because it sought to alter the trial court's judgment. *In re Estate of Curtis*, 465 S.W.3d at 364; *see also* TEX. R. APP. P. 25.1(c). Reunion Ranch, however, argued that the original notice of appeal, filed by Jaeckle, constituted "a good faith effort to invoke th[e] [c]ourt's jurisdiction on

behalf of Reunion Ranch" and "its position as an appellant was ultimately secured when it filed the amended joint notice of appeal in reliance on [r]ule 25.1[(g)] . . . , which allows an appellant to file an amended notice of appeal to correct a defect or omission in an earlier filed notice." *In re Estate of Curtis*, 465 S.W.3d at 364; *see also* TEX. R. APP. P. 25.1(g). The court disagreed, holding that because "Reunion Ranch's first notice of appeal, filed on August 12, 2014 was untimely," the court lacked jurisdiction to consider the merits of Reunion Ranch's portion of the appeal. *In re Estate of Curtis*, 465 S.W.3d at 366. In other words, the court disagreed with Reunion Ranch that it could rely on rule 25.1(g) to add itself as an appellant to the appeal after its deadline to file a notice of appeal had passed. And the court explained that Reunion Ranch did not make "a bona fide attempt to invoke appellate jurisdiction," where the original notice of appeal did not indicate that Reunion Ranch also sought to appeal the trial court's judgment.[9] *Id.*

---

[9]     Additionally, the Fourteenth Court of Appeals recently addressed whether it had jurisdiction over a party, Daniel W. Krueger, who, along with the City of Houston, sought to challenge a trial court's order partially denying a plea to the jurisdiction based on governmental immunity. *City of Hous. v. Little Nell Apartments, L.P.*, 424 S.W.3d 640, 643–46 (Tex. App.—Houston [14th Dist.] 2014, pet. filed). There, the City timely filed a notice of appeal on December 12, 2012, the same day that the trial court made an oral ruling on the plea to the jurisdiction. *Id.* at 643–44. The City then filed an amended notice of appeal on January 11, 2013, when the trial court signed its written order. *Id.* at 644. Subsequently, on March 27, 2013, the City and Krueger filed a second amended notice of appeal, which, for the first time, listed Krueger as an appellant. *Id.* In response, the appellees argued that the court did not have jurisdiction over Krueger's appeal because he was not named as an appellant until the second amended notice of appeal, which was not filed until months after the trial court's order. *Id.* The court, however,

In support of its reasoning and holding in the instant case, the majority further relies on *Warwick Towers Council of Co-Owners v. Park Warwick, L.P.*, 244 S.W.3d 838 (Tex. 2008). Again, the majority's reliance is misplaced. In *Warwick*, condominium owners in the Warwick Towers sued the neighboring Warwick Hotel for negligence, nuisance, and trespass, after the hotel failed to use "a flood barrier system" to prevent rainwater from entering the basement of the Warwick Towers during a severe rain storm. 244 S.W.3d at 838. The condominium's insurer, St. Paul Fire & Marine Insurance Company ("St. Paul"), asserted its subrogation rights in the lawsuit, having paid approximately $1 million as a result of the water damage. *Id.* at 838–39. After the trial court dismissed the condominium owners' nuisance and trespass claims, the owners settled with the hotel and dismissed their remaining negligence claim with prejudice. *Id.* at 839. The trial court also dismissed St. Paul's subrogation claim, and St. Paul sought to appeal. *Id.* However, when St. Paul filed its notice of appeal, it failed to include its name on the notice, but instead named its insured, the Warwick Tower Council of Co-Owners, as the appellant. *Id.* The supreme court noted that the docketing

concluded that it did have jurisdiction over Krueger's appeal, noting that rule 25.1(g) allows a party to amend a notice of appeal to correct a defect or omission in an earlier filed notice. *Id.* at 644–46; *see also* TEX. R. APP. P. 25.1(g). Notably though, in reaching its conclusion, the court specifically distinguished situations, like that presented here, where the party who timely filed the original notice of appeal *lacked standing to appeal* on the later-added appellant's behalf. *City of Hous.*, 424 S.W.3d at 645–46, 645 nn.10–11. And, the court specifically distinguished our decision in *Crofton*. *Id.*

18

statement, filed by St. Paul on the same day that it filed the notice of appeal, identified the appellant as "Warwick Towers Council of Co-Owners by and through St. Paul Fire & Marine Insurance Company." *Id.* (internal quotations omitted). And "[a]ll other appellate documents were also styled in th[e] [same] manner." *Id.*

Although the court of appeals held that it could not reach the merits of St. Paul's appeal because the notice of appeal did not reflect that it was filed by St. Paul, the supreme court concluded that St. Paul had "made a bona fide attempt to appeal by filing the notice of appeal in the name of its insured, and by listing its interest in the docketing statement and other appellate pleadings." *Id.* (citing *Foster v. Williams*, 74 S.W.3d 200, 203 (Tex. App.—Texarkana 2002, pet. denied) (holding filing of docketing statement constituted bona fide attempt to perfect appeal)). Accordingly, the supreme court held that the court of appeals had erred in not reaching the merits of St. Paul's appeal. *Id.* at 840.

The reasoning and holding of the Texas Supreme Court in *Warwick* does not support the majority's reasoning and holding in the instant case. First, although in *Warwick* there were multiple parties to the trial court's order dismissing the condominium owners' nuisance and trespass claims and St. Paul's subrogation claim against the hotel, the condominium owners settled with the hotel prior to appeal and dismissed any remaining causes of action that they had against the

hotel. *Id.* at 838–39. Thus, although the owners may have been listed on St. Paul's notice of appeal, they were not actually able to appeal due to their settlement. In fact, St. Paul did not settle with the hotel and was the *only* party that could actually appeal the trial court's dismissal order. This dramatically reduced any confusion that was created when St. Paul filed its notice in its insured's name, rather than in its own. *See id.* at 839.

In contrast, in the instant case, there is not *only* one party that could have appealed from the trial court's June 6, 2014 judgment; both Mina *and* Elgohary had separate grounds for appealing the judgment. And, unlike in *Warwick*, where the single appellant simply misnamed itself in its notice of appeal, here, Elgohary, who had a completely independent issue to appeal, failed to timely file a notice of appeal.

Also, the supreme court in *Warwick* placed great emphasis on the fact that St. Paul's docketing statement, filed the same day as its notice of appeal, expressly and clearly listed its interest in the appeal. *Id.* at 839. Here, however, the original docketing statement in this case, filed at the end of July and after Mina's original notice of appeal, does not list Elgohary as an appellant. *Cf. In re Estate of Curtis*, 465 S.W.3d at 365 (distinguishing *Warwick* because "[i]n this case, the docketing statement does not mention Reunion Ranch"). And, although the supreme court did not indicate what "other appellate documents" it looked at when it concluded

20

that St. Paul had made a bona fide attempt to appeal, Elgohary, in the present case, is not listed on Mina's July 18, 2014 original notice of appeal, Mina's July 28, 2014 docketing statement, or the August 20, 2014 designation of documents to be included in the clerk's record. *See Warwick*, 244 S.W.3d at 839. It was not until October 6, 2014, when the "amended" notice of appeal was untimely filed, that there was any indication that Elgohary also sought to challenge the trial court's judgment.

In sum, this Court's reasoning and holding in *Crofton* controls the disposition of Elgohary's appeal and requires its dismissal.[10] *See* 2003 WL 21297588, at *3; *see also Guerrero*, 2011 WL 3820841, at *2 (dismissing appeal where party's original notice of appeal filed by layperson, who could not act on

---

[10] "[T]he doctrine of stare decisis creates a strong presumption that precedents should be followed to foster 'efficiency, fairness, and legitimacy.'" *Martinez v. Hous. McLane Co., LLC*, 414 S.W.3d 219, 222 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (quoting *Grapevine Excavation, Inc. v. Md. Lloyds*, 35 S.W.3d 1, 5 (Tex. 2000)). If courts do not follow precedent, no issue can ever be considered resolved. *Id.* Stare decisis is necessary to "'give due consideration to the settled expectations of litigants . . . who have justifiably relied on' precedent." *Id.* at 223 (quoting *Weiner v. Wasson*, 900 S.W.2d 316, 320 (Tex. 1995)). Without stare decisis, we can have no "'predictability in the law, which allows people to rationally order their conduct and affairs.'" *Id.* (quoting *Grapevine*, 35 S.W.3d at 5). Should the majority disagree with the Court's holding in *Crofton*, there are procedures for overruling our prior decision, but such measures should only be taken when there "is an extremely compelling reason to do so." *Howeth Invs., Inc. v. City of Hedwig Village*, 259 S.W.3d 877, 901 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *see also MobileVision Imagining Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.) (explaining appellate court "may not overrule a prior panel decision of th[e] [c]ourt absent an intervening change in the law by the legislature, a higher court, or th[e] [c]ourt sitting en banc").

party's behalf ,and party's "amended" notice of appeal filed after notice of appeal deadline). In holding otherwise, the majority misapplies rule 25.1(b) and the Texas Supreme Court's reasoning and holding in *Warwick* and strays from the decisions of our sister appellate courts. *See In re Estate of Curtis*, 465 S.W.3d at 363–66; *City of Hous. v. Little Nell Apartments, L.P.*, 424 S.W.3d 640, 644–46 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *Bahar*, 2011 WL 4424294, at *1–4; *but see Loeffler v. Lytle Indep. Sch. Dist.*, 211 S.W.3d 331, 338–39 (Tex. App.—San Antonio 2006, pet. denied). Because Elgohary failed to timely file his notice of appeal in this case and this Court has a duty to "act appropriately," we should dismiss his appeal and not consider its merits. *See* TEX. R. APP. P. 25.1(b), 42.3(c).

Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Jennings, J., concurring in part and dissenting in part.

22