**DISMISS and Opinion Filed February 10, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-20-00471-CV
_____

### ON DECK CAPITAL, INC., Appellant
### V.
### CWO DESIGNER LANDSCAPES LIMITED LIABILITY COMPANY AND CRAIG ODONNELL, Appellees

**On Appeal from the County Court at Law No. 2
Collin County, Texas
Trial Court Cause No. 002-01582-2019**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Reichek

On Deck Capital, Inc. appeals the award of attorney's fees imposed against its law firm as a discovery sanction following a nonsuit. Because appellant does not have standing to appeal a sanction imposed against its counsel, we conclude we lack subject matter jurisdiction over the appeal.

Appellant sued CWO Designer Landscapes Limited Liability Company and Craig Odonnell. Appellant alleged that CWO entered into a Business Loan and Security Agreement and Odonnell personally guaranteed the agreement. Appellant

1

alleged appellees breached their agreements by failing to repay the debt, and appellant was owed $9,240.39. Appellees filed an answer containing a general denial and a verified denial.

The case was set for a trial before the court. On the day of trial, both sides announced ready. Appellant made a brief opening statement followed by appellees, who objected to the admission of any business records or testimony by any witnesses not properly produced in discovery. When appellant called its first witness, appellees objected. A lengthy discussion ensued regarding appellant's failure to respond or supplement discovery. When it became apparent that the trial court would exclude certain evidence necessary to prove its case, appellant requested a continuance to supplement discovery. The trial court refused. At that point, appellant moved for nonsuit. Appellees argued the nonsuit should be with prejudice, and appellant argued it should be without prejudice. The trial court allowed briefing on the issue and set a hearing thirteen days later.

Prior to the hearing, both sides filed briefs. In their brief, appellees sought a dismissal with prejudice or, alternatively, attorney's fees as a discovery sanction. At the hearing, appellees' counsel testified to his fees in connection "with the failure to produce exhibits and named witnesses and the time spent with this nonsuit issue." Appellant did not object or cross-examine counsel. After hearing the evidence and counsels' arguments, the trial court dismissed the case without prejudice to refiling but found the discovery rules had been violated and ordered appellant's law firm,

–2–

"not the client," to pay $7,200 to opposing counsel within thirty days.  The trial court signed an amended order that memorialized his oral ruling.  This appeal ensued.

Appellant challenges only the discovery sanction against its counsel.  Appellant argues (1) there was no pending claim when the fees were requested and (2) the sanctions award "had no direct relationship between the offensive conduct and the sanction imposed."  But the sanction was not imposed against appellant.

"Texas courts have long held that an appealing party may not complain of errors that do not injuriously affect it or that merely affect the rights of others." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000).  An appellant is not harmed when sanctions are imposed solely against the appellant's attorney and does not have standing to challenge an order imposing sanctions solely upon his attorney. *See Knoles v. Wells Fargo Bank, N.A.*, 05-12-00473-CV, 2012 WL 6685448, at *1 (Tex. App.—Dallas Dec. 21, 2012, no pet.) (mem. op.); *In re Guardianship of Peterson*, No. 01-15-00586-CV, 2016 WL 4487511, at *5 (Tex. App.—Houston [1st Dist.] Aug. 25, 2016, no pet.) (mem. op.); *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 388 (Tex. App.—Austin 2010, pet. denied); *Niera v. Frost Nat'l Bank*, No. 04-09-00224-CV, 2010 WL 816191, at *1 (Tex. App.—San Antonio Mar. 10, 2010, pet. denied) (mem. op.); *Matbon, Inc. v. Gries*, 287 S.W.3d 739, 740 (Tex. App.—Eastland 2009, no pet.).  A lack of standing deprives a court of subject matter jurisdiction because standing is an element of such jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444–45 (Tex. 1993).  Because appellant

–3–

lacks standing to complain about the imposition of sanctions against its law firm, we lack jurisdiction over this appeal.

We dismiss the appeal for lack of jurisdiction.


                              /Amanda L. Reichek/
                              AMANDA L. REICHEK
                              JUSTICE

200471F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ON DECK CAPITAL, INC.,
Appellant

No. 05-20-00471-CV          V.

CWO DESIGNER LANDSCAPES
LIMITED LIABILITY COMPANY
AND CRAIG ODONNELL,
Appellees

On Appeal from the County Court at
Law No. 2, Collin County, Texas
Trial Court Cause No. 002-01582-
2019.
Opinion delivered by Justice
Reichek; Justices Nowell and Carlyle
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of subject matter jurisdiction.

It is **ORDERED** that appellees CWO DESIGNER LANDSCAPES LIMITED LIABILITY COMPANY AND CRAIG ODONNELL recover their costs of this appeal from appellant ON DECK CAPITAL, INC.

Judgment entered this 10th day of February 2022.

–5–